No. 24076.

GUY McNULTY v. THE PEOPLE OF THE STATE OF COLORADO.
(483 P.2d 946)

Decided May 17, 1971.    Rehearing denied June 7, 1971.

496

BRENMAN, CIANCIO, ROSSMAN & BAUM, MELVIN ROSS-MAN, for petitioner.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, EUGENE C. CAVALIERE, Assistant, for respondent.

*En Banc.*

FRANCIS L. SHALLENBERGER, District Judge,* delivered the opinion of the Court.

THE case is here on Writ of Certiorari to the District Court for Boulder County. The petitioner, McNulty, the defendant below, was arrested November 18, 1967, in the course of a raid on a residence in Boulder. This raid was incident to the execution of a search warrant by members of the Boulder Police Department and Boulder County Sheriff's Office, who were accompanied by one Lieutenant Borden of the Denver Police Department.

McNulty will be referred to as petitioner or defendant. He was charged in a first count with violation of C.R.S. 1963, 40-10-9, commonly called wagering upon games, in a second count with a violation of C.R.S. 1963, 40-7-35, conspiracy to wagering upon games, in a third count with a violation of C.R.S. 1963, 40-10-8, gambling for a livelihood, and in a fourth count with conspiracy to commit the third count. Upon trial to a jury in Boulder County Court he was found guilty on all four counts. On appeal to the District Court the two conspiracy counts were dismissed and the convictions affirmed as to the two substantive counts.

■ The petitioner complains that his right of cross-examination was unreasonably restricted as to the witnesses Borden and Barnum.

Concerning the witness Borden, the evidence discloses that following entry to the premises he answered the telephone on numerous occasions. While so doing he had before him a football schedule with odds written thereon, which he referred to as a National Line. This list, Exhibit A, was brought from Denver by Borden and was not the defendant's. There was testimony that it was similar to one the defendant had had prior to the raid. On voir dire examination as to its admissibility the witness was asked the source of the exhibit, and particularly of the odds written thereon. Upon objection by the People, the Court ruled that the witness need not name the person who provided him with the exhibit. The issue raised is the subject of an extensive annotation in 76 A.L.R.2d 262 and later case service to this annotation. In the instant case the informant in no way participated in the crime. His identity was not material to the issue of guilt or innocence of the defendant, nor was the withholding of his identity prejudicial to the presentation of the defendant's case. The privilege to withhold an informant's name is not absolute, but is applicable under the factual situation here presented. *Whaley v. People*, 171 Colo. 287, 466 P.2d 927; *McCray v. Illinois*, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62; and *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639.

A review of the transcript fails to disclose that the rulings of the trial court as to the cross-examination of either witness were unreasonable or an abuse of discretion, but to the contrary, shows them to have been proper. *Simms v. People*, 174 Colo. 85, 482 P.2d 974.

■ The petitioner assigns error for the failure of the trial court to grant a mistrial following an unresponsive reply by the witness Strawn, a Boulder County Sheriff's officer.

Following questions on cross-examination and on re-direct examination directed to any conversations there may have been between the witness and the defendant, the following question and answer appear:

"Q. Did you ask him — what did you ask him?

"A. I made a comment that the syndicate was getting hit pretty hard recently."

The court ordered the remark stricken and instructed the jury to disregard it.

■ The granting or denying of a motion for mistrial rests in the sound discretion of the trial court. *Pieramico v. People,* 173 Colo. 276, 478 P.2d 304. Taking the question and answer in context and having regard for the superior opportunity of the trial judge to evaluate the situation presented, the record does not reveal an abuse of the trial court's discretion.

■ Error is claimed in the admission of evidence concerning certain phone calls.

For over an hour following the defendant's arrest the officers continued to answer the telephone, which rang repeatedly. The court permitted these officers to testify as to conversations that they had over the phone with unidentified persons on the other end of the line relating to inquiries as to odds and placing of bets. Defendant contends that these statements were hearsay and therefore inadmissible, and further that "seizure" of the contents of these telephone calls was unconstitutional, citing *Berger v. New York,* 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040, and *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576.

We believe that neither *Berger* nor *Katz* are applicable. We perceive no violations of the United States or Colorado constitutions, or of the hearsay rule. *See People v. Warner,* 270 Cal. App. 2d 900, 76 Cal. Rptr. 160; *People v. Carella,* 191 Cal. App. 2d 115, 12 Cal. Rptr. 446; *State v. DeNegris,* 153 Conn. 5, 212 A.2d 894; *Riley v. State,* ...... Del. ......, 249 A.2d 863, *cert. denied,* 395 U.S. 947; *State v. Masco,* 103 N.J. Super. 277, 247 A.2d 136; and

Annots., 9 A.L.R.3d 423 and 13 A.L.R.2d 1409. The effect of federal statutes relating to interception of telephonic communications has not been presented to this court, but the above cases indicate that no violation of federal law is present. Neither has the effect of 1967 Perm. Supp., C.R.S. 1963, 40-4-28 been argued in the briefs or in any way presented to this court, and we therefore decline to rule on its applicability at this time.

■ Objection is made to Instruction No. 6. However, since the instructions are not included in the record, no ruling thereon can be made here.

■ The petitioner asserts error on the grounds of insufficiency of the evidence as to counts one and three.

Without reviewing all of the evidence, suffice it to say that the record contains ample evidence to support the convictions on these two counts. On the issue raised by count three, gambling for a livelihood, and being in the habit and practice of gambling, it may be pointed out that in addition to the other evidence there was testimony from two witnesses, not officers, as to events preceding the raid. Their testimony was to the effect that the defendant had stated that he could make $60,000 a week-end on the telephone and that the operation of parlay cards and straight bets was explained by the defendant. Though the defendant was a stranger to the premises, he received phone calls almost continuously over a telephone listed to a person whom he had first met the evening before the raid. On one occasion defendant became incensed when a call was made to the tenant of the premises which tied up the line for a while. A line of odds was available to him and he had an established and orderly system for recording the results of the phone calls. When the officers were on the phone many callers hung up upon hearing the officers' voices.

■ Petitioner ingeniously, but not persuasively, asserts that C.R.S. 1963, 40-10-8 is unconstitutional on the grounds that it would permit trial and punishment for a status or condition, likening common gambling to

500

narcotic addiction, mental illness or other disease. No authority which is in point has been cited to us. We do not agree with the contention.

No showing is made of prejudice to the defendant by inclusion of the conspiracy counts in the trial before the County Court.

The order of the district court affirming the conviction in the county court is affirmed.

SAUL PINCHICK, District Judge*, participating.

MR. JUSTICE HODGES and MR. JUSTICE ERICKSON not participating.

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.