## No. 26379

## The People of the State of Colorado v. Dennis E. Langford
(550 P.2d 329)

Decided June 1, 1976.                    Rehearing denied June 21, 1976.

John P. Moore, Attorney General, John E. Bush, Deputy, J. Stephen Phillips, Assistant, for plaintiff-appellee.

Stephen A. Ware, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Dennis E. Langford appeals his conviction of possession of marijuana for sale, in violation of C.R.S. 1963, 48-5-20(1)(a) and (b).[1] We find no prejudicial error and therefore affirm.

Defendant's arrest grew out of an attempt to smuggle over nine hundred pounds of marijuana into the United States. A special agent of the Bureau of Customs had been told by a confidential informant that an aircraft with the drug aboard would land at the La Plata County airport sometime during the night of January 20, 1973, and that the plane would be met by up to six men driving several vehicles. In cooperation with state

_____

[1] Now section 12-22-322(1)(a), C.R.S. 1973.

and local law enforcement officers, surveillance was set up at the airport. Defendant and two codefendants were observed transferring the marijuana from the plane to a truck. One of the codefendants then drove the truck away, while defendant and the other man followed in a sports car. In the meantime, the plane departed the airport. The officers commenced pursuit and both vehicles were soon apprehended and defendant and his companions were arrested. A search of the truck revealed the large quantity of marijuana, valued at between one and two hundred thousand dollars.

## I.

Defendant initially challenged the constitutionality of the statute under which he was convicted and argued, further, that the search of the truck was unlawful, as being without probable cause. He conceded, however, at oral argument, that the statute is valid, *see e.g., People v. Summit*, 183 Colo. 421, 517 P.2d 850, and that he lacked standing to challenge the legality of the search. We need not therefore consider these issues.

## II.

Defendant argues that the trial court prejudicially erred in failing to require disclosure of the identity of the confidential informant, or in at least holding an *in camera* hearing concerning the latter's identity and activities. *People v. Quintana*, 183 Colo. 81, 514 P.2d 1325. Defendant argues that the informant might have given testimony at trial, favorable to defendant, or that the informant might even have been in the aircraft, in which case, as a witness to the transaction, he might have been able to testify that defendant was a mere bystander. The trial judge, both at the suppression hearing and at trial, heard evidence relating to the informant's role. He concluded that the information supplied by the informant was credible and that an *in camera* hearing, as suggested in *Quintana, supra*, was not warranted; and, further, that under the balancing of interests test, the government was entitled to withhold his identity.

When a question of the "informer's privilege" arises at the trial itself, where the issue is the critical one of guilt or innocence, both this court and the United States Supreme Court have held that whether disclosure of the informant's identity is required hinges upon the outcome of the balancing of interests test. *See Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639; *People v. Marquez*, 190 Colo. 255, 546 P.2d 482. In *Roviaro*, it was stated:

"We believe that no fixed rule with respect to disclosure is justifiable. The problem is one that calls for balancing the public interest in protecting the flow of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the

informer's testimony, and other relevant factors."

*Marquez* set forth some of the relevant factors to be considered in this balancing process. The court stated that the accused is required to make at least a minimal affirmative showing of the need for disclosure; and that a defendant's mere unsupported assertion that he desires disclosure is not enough. A defendant's speculations, without more, will not support a conclusion that the informant would be of any substantial assistance in his defense. *United States v. Estrada*, 441 F.2d 873 (9th Cir. 1971); *State v. Oliver*, 50 N.J. 39, 231 A.2d 805.

The record here discloses no evidence, direct or circumstantial, tending to support defendant's suggestion that the informant might have been an eye or ear-witness to any part of the incident, or a participant in the criminal transaction. All of the evidence indicated that the informant had merely relayed information to officials, which proved accurate and resulted in defendant's arrest. When all the evidence discloses that the informant was an informant and nothing more, the prosecution should not, as a general rule, be required to reveal his identity. *United States v. Herrera*, 455 F.2d 157 (5th Cir. 1972); *Miller v. United States*, 273 F.2d 279 (5th Cir. 1959), *cert. denied*, 362 U.S. 928, 80 S.Ct. 756, 4 L.Ed.2d 747; *cf. McNulty v. People*, 174 Colo. 494, 483 P.2d 946. The trial court did not err in declining to require disclosure of the informant's identity.

In a related argument, defendant contends that the trial court erred in failing to require the prosecution, pursuant to the defense motion for disclosure of exculpatory evidence, to disclose the identity of the owner and pilot of the aircraft. Though the exact content of this motion is not revealed by the record, it was, insofar as can be determined, an oral motion, general in nature, for the discovery of all exculpatory evidence. The record does not support the conclusion that the prosecution withheld any relevant exculpatory evidence available to it at the time of trial, including the identity of the owner or pilot of the aircraft.

The undisputed evidence reveals that defendant, in the company of two known individuals, engaged in careful preparatory steps for the concealed transfer of a large amount of marijuana. The record contains no evidence to support a claim of entrapment. Defendant has failed to establish a factual foundation for his claim of prosecutorial suppression of exculpatory evidence. *People v. Trujillo*, 186 Colo. 329, 527 P.2d 52.

### III.

Defendant argues next that a mistrial should have been granted because the jurors saw police carry the marijuana into the courtroom before it was introduced into evidence. The trial court denied the motion for a mistrial on the ground that the marijuana was later admitted, rendering any premature viewing harmless. Defendant does not contest the propriety of that later admission.

The determination of whether prejudice has been demonstrated is within the sound discretion of the trial court, *People v. Davis*, 183 Colo. 228, 516 P.2d 120. In view of the eventual admission of this exhibit into evidence, that discretion was not abused.

## IV.

It is further argued that the trial court erred in denying a challenge for cause to a prospective juror who was a first cousin of a local attorney who had done some preliminary work in this case for defense counsel. This witness was peremptorily challenged by defendant, who later used all of his peremptory challenges.

Section 16-10-103(1)(b), C.R.S. 1973, provides that challenges for cause shall be sustained where the prospective juror is related within the third degree to "any attorney of record or attorney engaged in the trial of the case." Defendant's counsel conceded that the attorney in question had never been an attorney of record and that at no time had he appeared in court in connection with the case. Thus, the juror did not fall within the mandate of the statute requiring the court to sustain the challenge for cause. We find no error in the court's ruling.

## V.

Defendant's final argument for reversal is that the trial court, in response to a request from the foreman of the jury, gave, over objection, an instruction on "possession" to the jury over an hour and a half after it had retired to deliberate its verdict. The instruction was read to the jury, in the presence of defendant and his counsel, and was then submitted to the jury in writing. Defendant contends that this reading placed a great deal of emphasis on the element of possession, which he contends was not established by the evidence, thereby preventing the jury from impartially considering the evidence. It is not suggested that the instruction read misstated the law.

It is not improper to give additional written instructions after a jury has commenced its deliberations, where requested to do so by the jury in order that the jury may be fully instructed on the law of the case, providing that adequate safeguards are taken and that the instructions given properly state the law. *See People v. Lovato*, 181 Colo. 99, 507 P.2d 860; *Wiseman v. People*, 179 Colo. 101, 498 P.2d 930; *Valley v. People*, 165 Colo. 555, 441 P.2d 14, *cert. denied*, 393 U.S. 925, 89 S.Ct. 256, 21 L.Ed.2d 260; *Ray v. People*, 147 Colo. 587, 364 P.2d 578; *Davis v. People*, 83 Colo. 295, 264 P. 658. The trial court did not err in giving the instruction on possession.

The judgment is affirmed.