The **PEOPLE of the State of Colorado**, Plaintiff-Appellee,

v.

Reece A. McLEAN, Defendant-Appellant.

No. 78–442.

Colorado Court of Appeals, Div. II.

June 4, 1981.

Rehearing Denied July 2, 1981.

Certiorari Granted Sept. 21, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Ilene P. Buchalter, Deputy State Public Defender, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant appeals his convictions of felony murder, aggravated robbery, and conspiracy to commit aggravated robbery. He alleges that the trial court erred in denying his pretrial motion to disclose the identity of a confidential informant and that a jury instruction given by the trial court respecting the verdict forms was erroneous. We reverse.

At trial two prosecution witnesses, initially co-defendants in the case, testified that on August 8, 1977, they and defendant drove to a service station in Commerce City,

that defendant entered the station office with a gun, and that defendant robbed and then shot the attendant. Defendant's theory of the case was that he was not present at the service station when the events occurred.

At the preliminary hearing, a police officer testified that on August 10, 1977, the murder weapon was located in an abandoned automobile. On cross-examination the officer testified that neither of the co-defendants had provided information about the location of the gun. An objection by the prosecutor to further questioning at the preliminary hearing about the source of this information was sustained, and defendant subsequently filed a motion for disclosure of informant.

At the hearing on that motion, defense counsel argued that disclosure of the informant's identity was critical because the officer's preliminary hearing testimony established that the informant at least had some knowledge about the incident and created a basis for inferring that the informant may have perpetrated the offenses with which defendant was charged. The prosecutor argued that he would have supplied defendant with any exculpatory information pursuant to discovery rules, that the informant had provided confidential information to the police in other matters, and that this source would "dry up" if his name were disclosed. The officer who had received the confidential informant's information was present at the hearing, and the prosecutor offered to elicit testimony from the officer. However, the trial court did not permit the prosecutor to present any evidence, and later summarily denied defendant's motion. The record contains no findings of fact or conclusions of law respecting that decision.

The judge who denied defendant's motion to disclose did not preside at the trial. Before the trial commenced, defendant informed the trial court that his motion to disclose informant had been denied. He did not ask to re-open the question, and both defense counsel and the prosecutor indicated, erroneously, that an evidentiary hearing had been conducted on this motion.

In denying defendant's motion for new trial after the jury verdicts were returned, the trial court concluded that defendant had waived his rights concerning this issue.

Defendant argues that the trial court erred in denying his motion to disclose the identity of the informant. We agree.

■ The People have a qualified privilege to refuse to reveal the identity of a confidential informant who supplies law enforcement officers with information concerning criminal activity. However, this privilege is subject to a defendant's right to disclosure of the identity of an informant when the informant's testimony or identity is relevant or helpful to the defense of the accused or is necessary to a fair determination of the cause. *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *People v. Mulligan*, 193 Colo. 509, 568 P.2d 449 (1977). A defendant seeking disclosure must make a minimal showing of necessity, *People v. Marquez*, 190 Colo. 255, 546 P.2d 482 (1976), and mere speculation concerning the need for disclosure will not suffice. *People v. Langford*, 191 Colo. 87, 550 P.2d 329 (1976).

■ Once a defendant has satisfied his initial burden, the issue becomes an "evidentiary matter" for resolution by the trial court. *People v. Quintana*, 183 Colo. 81, 514 P.2d 1325 (1973). In the absence of stipulated facts, an evidentiary hearing normally will be required. *See People v. Mulligan, supra.* Of course, the trial court may, in its discretion, conclude that *in camera* hearings involving testimony by police officials or by the informant may be necessary. *See United States v. Rawlinson*, 487 F.2d 5 (9th Cir. 1973), *cert. denied*, 415 U.S. 984, 94 S.Ct. 1579, 39 L.Ed.2d 881 (1974); *People v. Stander*, 73 Mich.App. 617, 251 N.W.2d 258 (1976).

■ Based on the circumstances disclosed by the evidence, the trial court must balance the state's asserted interests in protecting its source of information and in preserving the safety of its informant with the defendant's asserted need to prepare and present his defense adequately. *People*

*v. Langford, supra.* Among the factors to be considered in applying this balancing test are: whether the informant was a witness to the criminal transaction, the nature of the crime charged, defendant's defenses, and the possible significance of the informant's testimony. *People v. Marquez, supra; see* Crim.P. 16(I)(f)(2).

■ In support of his motion for disclosure, defendant here referred to evidence already adduced at the preliminary hearing that the murder weapon was found two days after the incident and that none of the three persons charged with the offenses had provided the information leading to its discovery. This evidence was not disputed by the prosecutor; rather, the prosecutor offered arguments to suggest that disclosure was not warranted.

Defendant having satisfied his burden of demonstrating a reasonable need for the informant's identity to prepare his defense that he was not present at the service station when the robbery and murder occurred, the trial court at that point should have accepted the prosecutor's offer to present evidence to establish the People's position that, in spite of the need demonstrated by defendant, disclosure should not be granted. Absent any evidence before it to contradict the defendant's demonstrated need for disclosure, the trial court abused its discretion in concluding that defendant's motion should be denied. *See People v. Langford, supra.* The denial affected defendant's right to prepare his defense; hence, it is not harmless error. *See Roviaro v. United States, supra.*

■ Defendant also argues that the trial court erred in giving the following instruction to the jury concerning verdict forms, over defendant's objection:

"You are instructed that, in considering the forms of verdict, you should proceed as follows:

"Consider the Counts of Aggravated Robbery and First Degree Murder together. You cannot find that the Defendant was guilty or not guilty of one of these crimes. You must find that the

Defendant was either guilty or not guilty of both Count I, First Degree Murder, and Count III, Aggravated Robbery.

"After reaching your verdicts with respect to the counts of Aggravated Robbery and First Degree Murder, you should then consider whether the Defendant is guilty or not guilty of the crime of Conspiracy to Commit Aggravated Robbery."

As this question may arise again on retrial, we address it. While in some unusual circumstances a jury might be able to conclude that a defendant charged with both aggravated robbery and felony murder based upon the same aggravated robbery is guilty only of the robbery, such verdict is not possible here in view of defendant's theory that he was not present during any of the alleged incidents. Hence, the instruction was not erroneous in this case.

Judgments of conviction reversed and cause remanded for new trial in conformance with this opinion.

SMITH and TURSI, JJ., concur.