The PEOPLE of the State of
Colorado, Petitioner,

v.

Reece A. McLEAN, Respondent.

No. 81SC269.

Supreme Court of Colorado,
En Banc.

March 28, 1983.

Rehearing Denied May 2, 1983.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for petitioner.

J. Gregory Walta, Colorado State Public Defender, Charles F. Kaiser, D'ana L. De-Gette, Deputy State Public Defenders, Denver, for respondent.

HODGES, Chief Justice.

We granted certiorari to review *People v. McLean*, 633 P.2d 513 (Colo.App.1981), in which the court of appeals reversed the defendant's conviction and remanded for a new trial, ruling that the trial court abused its discretion in denying defendant's motion for disclosure of a confidential informant. We reverse and order a remand to the trial court for a hearing, and to make findings of fact and conclusions of law on the motion for disclosure of the informant. If the trial court grants the motion it shall vacate the judgment and order a new trial. If the motion is denied the judgment shall stand.

The Defendant was convicted in the district court of felony murder,[1] aggravated robbery,[2] and conspiracy to commit aggravated robbery.[3] At the jury trial, two prosectuion witnesses, initially codefendants in the case, testified that on the evening of the alleged crimes, they drove the defendant to Commerce City because he wanted to rob a particular service station. Both testified that the defendant took a .22 caliber revolver belonging to the father of one of the witnesses and went into the service station. The defendant returned moments later saying that he had been forced to shoot the attendant who died almost immediately after being shot. The three drove away, stopping momentarily to let the defendant stash the gun and money in a ditch. One of the original codefendants testified that the defendant stated later that he intended to move the gun to a "junk car." Other testimony indicated that the defendant returned to the stash site later that evening.

Testimony at trial established that a hold-up note was found at the scene. A handwriting expert testified that the note had been written by the defendant. A third prosecution witness testified she saw the defendant counting some money late the same evening and she overheard him remark to one of the original codefendants, "that is all there was." A fourth witness testified that, on the same evening, the defendant told him he was in trouble, and that he would be on the ten o'clock news since he had robbed a gas station and shot the attendant. The defendant was arrested the next day.

Two days later the police received a tip from an informant which led them to the recovery of a .22 caliber revolver from an abandoned automobile. Ballistics tests established that the revolver was the murder weapon.

The indicated theory of defense was that the defendant was not present at the service station when the crimes were committed, and that he was being framed by the two original codefendants. It was undisputed that the weapon had originally been placed in a ditch, and that the police later retrieved it from an abandoned automobile. It was also uncontested that the police recovered the murder weapon as the result of the informant's tip, and that the informant was not the defendant or either of the two original codefendants. Defense counsel asserted that the informant's knowledge of the gun's location indicated that the informant may have been the perpetrator of the crimes, and thus, disclosure of the informant's identity was needed in the preparation of the defense.

The prosecution offered to present evidence indicating that the defendant had retrieved the gun from the original stash site, raising the inference that he had placed it in the abandoned automobile. An

---

**1.** Section 18–3–102(1)(b), C.R.S.1973 (1978 Repl.Vol. 8).

**2.** Section 18–4–302(1)(b), C.R.S.1973 (1978 Repl.Vol. 8).

**3.** Section 18–2–201, C.R.S.1973 (1978 Repl.Vol. 8).

offer of proof was also made to present evidence of the strong public interest in preserving the informant's confidentiality. The trial court did not rule on either offer of proof. After taking the matter under advisement, the court denied the defendant's motion to disclose the informant but made inadequate findings of fact. It is impossible to ascertain the basis for the trial court's ruling because of the sparse findings of fact and the fragmented nature of the hearing on the motion.

## I.

The circumstances under which the prosecution may withhold the identification of persons who furnish information concerning violations of law to police officers, is a subject which has been treated in many cases. *See generally People v. Dailey,* 639 P.2d 1068 (Colo.1982); *People v. Del Alamo,* 624 P.2d 1304 (Colo.1981); *People v. Korte,* 198 Colo. 474, 602 P.2d 2 (1979); *People v. Langford,* 191 Colo. 87, 550 P.2d 329 (1976); *People v. Marquez,* 190 Colo. 255, 546 P.2d 482 (1976). *Accord, McCray v. Illinois,* 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

■ The public policy behind withholding the identity of informants is to encourage citizens to communicate their knowledge of criminal activity to the authorities. This purpose, however, does not create an absolute right to withhold an informant's identity. The public interest in effective law enforcement must be balanced against the accused person's constitutionally protected right to prepare his defense adequately. *Roviaro v. United States, supra.* The facts and circumstances of each case must therefore be analyzed to decide such a disclosure request.

■ This court has enunciated several factors which may be used in this analysis, and to determine if the request is supported by a "minimal affirmative showing" as defined in *People v. Marquez, supra.* In *Marquez,* we enumerated some of the many factors that must be considered in the balancing process mandated by *Roviaro v.*

*United States, supra.* These factors include the following considerations: (1) was the informant an eyewitness to the crime; (2) the availability of the informant; (3) are there other available witnesses; (4) the likelihood of the informant's testimony varying from the other witnesses' testimony; (5) can the accused find the informant on his own; and (6) was the informant deeply or peripherally involved in the criminal transaction.

Two key offers of proof by the prosecution were not accepted by the trial court, and therefore the prosecution's claim that disclosure would be harmful in future investigative efforts utilizing this informant's service was not established. There were no adequate findings of fact and the record is of little help in evaluating the defendant's contention that the informant's identity was necessary to the preparation of a defense.

■ An accused, in seeking such disclosure, must make a minimal showing that disclosure of the informant may be needed to present an adequate defense. Conjecture and speculation will not suffice. The defendant's theory was that disclosure was required because the informant was intimately involved in the crime. The defendant chose to rely solely on evidence submitted at the preliminary hearing to support his theory and the prosecution's efforts to rebut this theory were rejected by the trial court.

■ A review of our recent cases dealing with this issue indicates a strong deference to the discretionary judgment of the trial court. This is based, of course, on the trial court's proximity to the presentation of the facts by witnesses, by exhibits, and by the parties at the preliminary hearing, the hearing on the motion for disclosure, and from statements of counsel. *See People v. Nunez,* 658 P.2d 879 (Colo.1983); *People v. Martinez,* 658 P.2d 260 (Colo.1983); *People v. Dailey, supra; People v. Del Alamo, supra; People v. Korte, supra; People v. Langford, supra; People v. Marquez, supra. See also People v. Bueno,* 646 P.2d 931

(Colo.1983), where the trial court's order of disclosure was overruled. Where an appellate court is unable to discern the basis for the trial court's ruling it shall not blindly assume the trial court properly exercised its discretion.

 When a motion for disclosure is made, the trial court should make a ruling based upon findings of fact after a thorough evidentiary hearing and also, when necessary, after an *in camera* hearing.[4] In the present case nothing resembling this procedure took place and no adequate findings of fact were made. However, we do not agree with the judgment of the court of appeals which reversed the conviction of the defendant and ordered a new trial. We believe on the basis of this record that the trial court should be afforded the opportunity of ruling on the motion after a full hearing and making findings of fact.

Our review of the record as to the other issues raised by the defendant in the court of appeals reveals no basis for reversal.

The judgment is reversed and this cause is returned to the court of appeals for remand to the trial court for further proceedings as herein directed.

---

4. *See People v. Dailey,* 639 P.2d 1068, 1077, n. 11 (Colo.1982).