**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

v.

**Theodore James COOK, Defendant-Appellant.**

**No. 84CA0834.**

Colorado Court of Appeals, Div. IV.

May 8, 1986.

Rehearing Denied June 12, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Eric Perryman, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Public Defender, Seth J. Benezra, Lynda H. Knowles, Deputy Public Defenders, Denver, for defendant-appellant.

HODGES, Justice*

Defendant, Theodore James Cook, appeals from the judgment of conviction entered upon a jury verdict of guilty of unlawful distribution, dispensing, sale, or possession of cocaine, and possession of LSD and psilocybin. We remand with directions.

Apparently acting on an informant's tip, an undercover officer of the Colorado Bureau of Investigation met co-defendant, Douglas Sandidge, at Rangeley, Colorado, and arranged for the purchase of a pound of cocaine at Grand Junction, Colorado, where his source lived. Sandidge was accompanied by a woman, Sonnie Rector.

Two days later the agent met Sandidge and Rector at Grand Junction. The undercover agent's vehicle was equipped with a microphone, and the conversations that took place between the undercover agent, Sandidge, and Rector were monitored and taped by another C.B.I. agent. The undercover agent made the purchase from co-defendants Sandidge and one Robert Russell Roy in a garage owned by Roy. After the agent left the garage, officers entered the garage and arrested Sandidge and Roy. One of them told the officers that defendant Cook was in another room of the garage. He was found crouching in a corner, and was arrested.

The following day, the police officers requested a warrant to search Cook's trailer, which was located about 150 feet from the garage. The affidavit in support of the warrant was made by the C.B.I. agent who had monitored the taped conversation prior to the arrests. Statements in this affidavit set forth that the affiant heard Sandidge indicating to the undercover officer that Cook was the source of the cocaine. The search of Cook's trailer resulted in the seizure of evidence connecting him with the sale and possession of unlawful drugs.

Before trial, defendant moved to suppress the evidence seized during the search of his trailer. He challenged the veracity of certain statements in the affidavit in support of the search warrant, and argued that, if those statements were stricken, the remaining statements of the affidavit would not establish probable cause to search defendant's residence. Defendant also moved for the disclosure of the identity of the confidential informant, and filed a discovery motion requesting the complete tapes of the agent's conversations with Sandidge and Rector.

The trial court denied defendant's motion to disclose the informant's identity. It found that the defendant had made a showing of need for disclosure, but held that the safety of the informant would be endangered by disclosure, and that any deleterious effect on defendant's case because of non-disclosure would be minimal.

The court also denied defendant's motion for full access to the tape recordings on the ground that such access would reveal the identity of the confidential informant. However, the court ordered the tapes to be transcribed, and ordered the prosecution to provide defendant with a partial transcription of the recording which did not indicate the identity of the informant.

Finally, the trial court denied defendant's motion for a hearing concerning the veracity of the challenged statements in the affidavit underlying the search warrant. Consequently, defendant's motion to suppress the evidence seized in his trailer was denied.

Defendant contends that the trial court erred in three respects: 1) it erroneously denied his motion for disclosure of the identity of the confidential informant; 2) it erred in refusing to hold a veracity hearing; and 3) it abridged his due process rights when it denied him access to all the tape recordings made by the police on the evening of the arrest. We disagree with defendant's first and third contentions, but agree with the second.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

## I. DISCLOSURE OF THE INFORMANT

■ Once a defendant has made a minimal showing of need for the information, the propriety of disclosing a confidential informant's identity is determined by balancing the public interest in protecting the flow of information against the right of an accused to prepare for his defense. *Parlapiano v. District Court*, 177 Colo. 36, 492 P.2d 626 (1972). Among the factors to be considered in making this determination are the availability of the informant to testify, whether the informant was a witness to the crime, whether there are other witnesses available to testify, whether it is likely that the informant's testimony will vary significantly from other witnesses, how deeply the informant was involved in the criminal transaction, and whether the defendant knows or without undue effort could discover the informant's identity. *People v. Marquez*, 190 Colo. 255, 546 P.2d 482 (1976), *citing Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957).

■ Here, the trial court denied disclosure of the confidential informant after considering the factors discussed in *People v. Marquez, supra,* and concluded that the informant's testimony would likely be similar to that of the undercover agent, and disclosure would endanger the informant. Because the trial court made its determination on the basis of the relevant factors involved in this case, we perceive no abuse of its discretion. *See People v. Dailey*, 639 P.2d 1068 (Colo.1982).

## II. VERACITY HEARING

The defendant contends that the trial court erred in denying his motion to suppress without holding a hearing on the veracity of the statements in the affidavit supporting the search warrant. We agree.

■ Veracity challenges to affidavits of police officers are permitted in Colorado, and statements in an affidavit which are shown to be false must be stricken before the sufficiency of the affidavit is determined. *People v. Dailey, supra.*

Federal law permits a veracity challenge upon "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included ... in the ... affidavit." *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). In contrast, in Colorado, the defendant is entitled to a veracity hearing upon a showing of some good faith basis in fact to question the accuracy of an affidavit. *People v. Dailey, supra.*

Here, the defendant complied with the requirements for a veracity hearing by specifying the statements he challenged and by including an affidavit reflecting a good faith basis for the challenge. *See People v. Dailey, supra.*

■ In particular defendant asserted in his motion that statements in the affidavit to the effect that Sandidge had told the undercover officer that Cook was the source of the cocaine were not correct statements. Attached to the defendant's motion was an affidavit of an investigator who averred that in an interview, Sandidge had stated "he had no knowledge of Mr. Cook's involvement with cocaine," and that at no time was Sandidge introduced to Cook as the source of the cocaine. The trial court, however, refused to conduct a veracity hearing on the ground that the defendant's showing in support of a hearing was insufficient.

In our view, the record demonstrates that the trial court applied a standard akin to the federal standard, rather than the less demanding Colorado standard. Accordingly, since defendant satisfied the less stringent Colorado standard, he should have been afforded a hearing on his challenge to the veracity of the affidavit in support of the search warrant, and the trial court erred in not holding such a hearing.

## III. DISCLOSURE OF EVIDENCE

Defendant finally contends that the court erred when it denied his motion for the production of the complete tape recordings. We do not agree.

■ Even when done in good faith, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material to guilt or to punishment ...." *People v. Sams*, 685 P.2d 157 (Colo.1984), quoting *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Therefore, evidence must be disclosed to the defendant if: 1) the prosecution is responsible for the suppression or loss; 2) the evidence is exculpatory, *i.e.*, at minimum it would be of assistance to the defense; *and* 3) it is material, *i.e.*, probative of the question of defendant's guilt or innocence. *People v. Morgan*, 199 Colo. 237, 606 P.2d 1296 (1980). Crim. P. 16(I)(a) provides that the prosecution must give the defendant any potentially exculpatory statements. However, Crim. P. 16(I)(e)(2) provides that disclosure of the identity of a confidential informant is not required unless failure to do so would infringe the constitutional rights of the defendant.

■ Here, after reviewing the entire tape recording, the trial court denied defendant's motion for discovery of the complete tapes. It found that the tapes would reveal the identity of the confidential informant, thereby endangering the informant's safety. It further found that the content of the tapes would not be useful to the defendant at trial. In effect, the trial court held that non-disclosure of the complete tapes, which thereby withheld the identity of the informant, did not infringe on the constitutional rights of the defendant.

The defendant, however, also argues that the complete tapes are probative of his contentions as to a lack of veracity in the affidavit underlying the search warrant. He contends that the released portion does not contain evidence connecting him with the drug transaction, and that the absence of any such evidence in the remainder of the tape would be of assistance in his veracity challenge.

The record indicates that the trial court did not examine the tapes with the veracity of the affidavit in mind. Even where, as here, disclosure to the defendant might endanger the confidential informant, the court has the duty to examine the material *in camera*, specifically with the veracity of the affidavit in mind. *See People v. Langford*, 191 Colo. 87, 550 P.2d 329 (1976). Under the circumstances here, the trial court on remand must review the tapes in connection with the veracity challenge.

The cause is remanded to the trial court with directions to conduct a hearing on the veracity of the challenged statements in the affidavit in support of the search warrant. Should the trial court find that the challenged statements are false, it must strike the statements from the affidavit, and then evaluate the sufficiency of the warrant without them. If the warrant fails, the court must order a new trial suppressing the evidence seized from defendant's residence. If the trial court finds that the challenged statements are not false, or that the affidavit is sufficient when certain statements are stricken, the judgment of conviction will stand affirmed, subject only to appeal of those matters determined by the court upon this remand.

ENOCH, C.J., and SILVERSTEIN, J.,* concur.