**The PEOPLE of the State of Colorado, Petitioner–Appellant,**

v.

**Robert Edward WALTERS, Respondent–Appellee.**

**No. 87SA134.**

Supreme Court of Colorado, En Banc.

Feb. 21, 1989.

---

James F. Smith, Dist. Atty., Steven L. Bernard, Chief Trial Deputy N. Lucinda Gilroy, Deputy Dist. Atty., Brighton, Colo., for petitioner-appellant.

David F. Vela, Colorado State Public Defender, Robert W. Pepin, Deputy State Public Defender Brighton, for respondent-appellee.

ROVIRA, Justice.

In this appeal, the People challenge the district court's order dismissing the charge against defendant, Robert E. Walters, after the People failed to comply with the district court's order of disclosure of confidential informant. We reverse the judgment and remand to the district court with directions to reinstate the case.

## I.

On June 14, 1985, Investigator James Long of the Adams County Sheriff's Department received information from a Denver police officer that there were two men with a stolen motorcycle in the vicinity of 72nd Avenue and Allen Drive in unincorporated Adams County. The Denver officer

indicated that he received this information from a confidential informant. The informant had told the Denver officer that he knew the motorcycle was stolen because the people who were in possession of the motorcycle had told him so.

Based on this information, Long contacted Michael Kercheval, a patrol officer with the Adams County Sheriff's Department, and requested that Kercheval go to the location described by the Denver officer. Earlier that day, Kercheval had unsuccessfully attempted to contact a young man he saw riding a motorcycle in a field near the Allen Drive location. The police had received numerous complaints about motorcycle riders in the area where the field was located.

When he arrived at the location described, Kercheval found two men seated within five feet of the motorcycle which he had seen earlier. One of the men was the same man Kercheval had seen riding the motorcycle earlier that day.

Kercheval detained both men. In response to questioning, one of the men identified himself as Robert Walters. Approximately fifteen minutes later, Long arrived at the scene. While examining the motorcycle, he noticed that the ignition area where the key was to be inserted was damaged and the wires had been switched around.

Neither of the men was able to provide proof of ownership of the motorcycle, and there was no record of ownership in Colorado according to the Department of Motor Vehicles. Long did, however, discover a motorcycle theft report matching the description of the motorcycle including the serial number.

Walters was arrested and charged with theft by receiving pursuant to section 18–4–410, 8B C.R.S. (1986). He filed several motions including motions to suppress evidence and for disclosure of the informant.

On March 13, 1987, a hearing was held. After hearing testimony from Long, Kercheval, and Investigator James Roche of the Adams County Sheriff's Department, the trial court ruled for the People on the motion to suppress evidence. It found that there was probable cause to arrest the defendant and that a statement obtained from the defendant was voluntarily made and would be admissible. The trial court then turned to the district attorney and said "Now, you tell me, Mr. Parchman, why it is that I'm not going to furnish that confidential informant because that's just exactly what I'm going to do." The court heard a brief argument by the district attorney and ordered disclosure of the informant's identity. When the People failed to disclose the identity of the informant, the court dismissed the charge against Walters.

The People contend that the order of disclosure was erroneous and, even if disclosure was appropriate, dismissal of the charge was an excessive sanction. More specifically, the People argue that Walters failed to meet his initial burden of providing a reasonable basis in fact to believe that the informant is a likely source of relevant and helpful evidence.

Because we conclude that the trial court abused its discretion by ordering disclosure of the informant's identity, we need not address the question whether a different sanction was more appropriate.

## II.

 The government has a qualified privilege to choose not to disclose the identity of a confidential informant. *E.g., Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *People v. Villanueva*, 767 P.2d 1219 (Colo.1989). This privilege, however, must yield when considerations of fundamental fairness so dictate. *Villanueva*, at 1222. The decision whether the privilege applies is within the trial court's discretion, but that decision may be reversed where there is no evidence to support it. *Id.* at 1222.

 This case involves a claim by defendant that the privilege must yield because the informant is an essential witness on the

issue of guilt or innocence.[1] In such a case, the defendant bears the initial burden of making a minimal affirmative showing of a reasonable basis in fact to believe that the informant is a likely source of relevant and helpful evidence to the accused. *Id.* at 1222.

 If a defendant meets this initial burden, the court must decide whether the privilege applies by balancing the "public's interest in protecting the flow of information to law enforcement authorities about criminal activity with the defendant's need to obtain evidence for the preparation of a defense." *Id.* at 1223. The factors to be considered in this balancing process include: (1) whether the informant was an eye or earwitness to the crime; (2) whether the informant is available or, in the exercise of reasonable diligence, could be made available as a witness; (3) whether other witnesses are in a position to testify; (4) whether the informant's testimony is likely to vary significantly from the testimony of other available witnesses; (5) whether the defendant can find the identity of the informant on his own; and (6) whether the informant was deeply or peripherally involved in the criminal transaction. *E.g., id.* at 1223.

### III.

We now turn to the application of the foregoing principles to the facts of this case. Because Walters presented no evidence in support of his request for disclosure, whether he met his initial burden of showing a reasonable basis in fact to believe that the informant is a likely source of relevant and helpful evidence depends upon the testimony of the witnesses at the hearing.

During the hearing on defendant's motion to suppress evidence, testimony was received from Kercheval, Long, and Roche. Kercheval testified concerning his sighting of Walters in the field and the later contact with him as a result of the radio call from Long.

Long related the substance of his conversation with the Denver police officer and his transfer of the information to Kercheval. He indicated that the information had been provided by a Denver police officer whom he had known for approximately sixteen years. The officer had told Long about a "tip" he received that two male subjects were pushing a stolen green Kawasaki motorcycle in the vicinity of 72nd Avenue and Allen Drive in unincorporated Adams County.

Long also told how he subsequently joined Kercheval at the scene and made his investigation. He testified that the Westminster Police Department later confirmed that the motorcycle was stolen. Finally, he related the circumstances under which he obtained a written statement from Walters. Roche testified about taking an oral statement from Walters.

After hearing this testimony and ruling in favor of the People on the defendant's motion to suppress, the trial court had the following colloquy with the district attorney:

> The Court: Now, you tell me, Mr. Parchman, why it is that I'm not going to furnish that confidential informant because that's just exactly what I'm going to do. I don't want any hoophaw about affidavits and that sort of stuff.

> District Attorney: Your Honor, the only thing I can state to the Court at this time all the state law says the defendant must go forward with the burden and show some basis in fact to believe that the informant either doesn't exist or gave erroneous information. I think the situation we've got here is exactly like the one that happened in [*People v. Langford,* 191 Colo. 87, 550 P.2d 329 (1976)].

**1.** In his motion for disclosure of informant, Walters asserts that the informant's testimony is essential for a determination on his motions to suppress and necessary to the issue of guilt or innocence at the trial. However, at the motions hearing, Walters stated that he is not seeking disclosure to challenge the existence of probable cause. Therefore, we only address the argument that the informant is necessary for a determination of guilt or innocence. *See Villanueva,* at 1223 (defendant has a different initial burden for disclosure which depends on the use for which defendant seeks disclosure).

The Court: I'm familiar with *Langford.*

District Attorney: Okay, and in that situation and as in this one it's merely a case where an informant called an officer and said, "Hey, two guys got a motorcycle. They stole it." The officers acted on that and they indeed found the bike. I don't think the defense has shown anything except speculation and conjecture at this time.

The Court: All right. It's Friday afternoon. Speculation, conjecture, isn't all that bad.... Officer Roche testified that the officer had told him that the party that gave him that information had received it from one of the two people that was involved or both of the people that were involved in the taking of the bike. I think that's sufficient showing on the part of the defendant that that person might be an eye or ear witness to the transaction. I think it's important that the defense get that information. I'm going to give the district attorney ten days to give them the information or appeal the Court's decision or whatever.

As shown by the trial court's order of disclosure, no evidence was presented in support of defendant's motion for disclosure of informant. As stated in *Langford:*

> All of the evidence indicated that the informant had merely relayed information to officials, which proved accurate and resulted in defendant's arrest. When all the evidence discloses that the informant was an informant and nothing more, the prosecution should not, as a general rule, be required to reveal his identity.

*Langford,* 191 Colo. at 90, 550 P.2d at 331.

■ The trial court abused its discretion by ordering disclosure of the confidential informant's identity before the defendant made a minimal affirmative showing of a reasonable basis in fact to believe that the informant was a likely source of relevant and helpful evidence. Because Walters did not satisfy his initial burden for the disclosure of the informant, we need not weigh the factors set forth for the application of the balancing test. Nor do we need to address the question whether dismissal of the charge was an appropriate sanction.

The judgment is reversed and the case is remanded to the district court with directions to reinstate the charge against the defendant.

ERICKSON, Justice, concurs in the result.

ERICKSON, Justice, concurring in the result:

I would reverse the order dismissing the charge against defendant because the defendant made no showing that the informant was anything more than a mere tipster. Every tipster is not an informant whose identity is subject to disclosure.

The necessary foundation for the trial court's exercise of discretion in ordering disclosure is a showing by the defendant of a reasonable basis in fact that the informant is a likely source of relevant and helpful evidence to the accused. *People v. Bueno,* 646 P.2d 931 (Colo.1982); *People v. Langford,* 191 Colo. 87, 550 P.2d 329 (1976); *People v. Marquez,* 190 Colo. 255, 546 P.2d 482 (1976). In my view, the identity of the informant must have at least some bearing on the ultimate issue of defendant's guilt or innocence. *See People v. Villanueva,* 767 P.2d 1219 (Colo.1989) (Erickson, J., concurring.).

An order of disclosure must be supported by the record and may not rest upon speculation or conjecture. *Bueno,* 646 P.2d 931; *Langford* 191 Colo. 87, 550 P.2d 329. The defendant in this case failed to produce any evidence or make any showing that might establish a foundation for disclosure. The record reflects that the only evidence before the court regarding the informant was that a Denver police officer received a tip that a green motorcycle had been stolen, and that the people who were in possession of the motorcycle said that it was stolen. The Denver officer relayed that information to an Adams County sheriff, who in turn relayed the information to another officer. The information relied on by the detaining officer therefore was three times removed from the actual tip. There is nothing in the record indicating that the

informant here was any more a witness to the crime than an anonymous bystander who reports a robbery in progress.

The only evidence in the record does not support the trial court's finding that the person providing the information was an eye or ear witness to the theft or receipt of the stolen motorcycle. Officer Long testified that the information he received from his contact with the Denver police was that one or both of the people in possession of the motorcycle told the confidential informant that the motorcycle was stolen. Such a statement does not support a finding that the confidential informant was or even might have been an eye and ear witness to the transaction. The trial court abused its discretion when it ordered the prosecution to disclose the identity of the so-called informant and when it dismissed the charge based on the weak evidence before it. Accordingly, I concur in the reversal of the order dismissing the charge against defendant.