The **PEOPLE** of the State of Colorado, Plaintiff–Appellant,

v.

**Nathaniel Earl JONES,** Defendant–Appellee.

No. 89CA0289.

Colorado Court of Appeals, Div. II.

July 5, 1990.

James F. Smith, Dist. Atty., Peter G. Hautzinger, Albert E. Haverkamp, Deputy Dist. Attys., Brighton, for plaintiff-appellant.

David F. Vela, State Public Defender, Janet Fullmer Youtz, Deputy State Public Defender, Denver, for defendant-appellee.

Opinion by Judge SMITH.

The People appeal both the trial court's ruling ordering that a confidential informant questionnaire be produced for an in camera review by the trial court and the propriety of the sanctions ordered upon the district attorney's refusal to comply with the court order. We affirm.

Through the use of two confidential informants, the Aurora police department allegedly made controlled buys of cocaine from the defendant's residence. After the purchases, searches of the defendant's residence yielded both cocaine and firearms. He was subsequently charged with possession of a controlled substance, distribution of a controlled substance, and two counts of conspiracy.

In the first case, the defendant moved for disclosure of the identity and address of the informant and the court ordered disclosure based on the informant being a witness to the offenses charged. In a later hearing, the defense requested disclosure of the name and address of the informant in case number two as well as a three-page confidential information questionnaire prepared by the Aurora police department on all of its confidential informants involved in these cases. The People agreed to supply the names, addresses, and details of the police agreements of both informants, but the court ordered that the three-page questionnaire must also be produced.

Upon a motion to reconsider, the People argued that the possible threats of harm to informants militated against turning over the completed questionnaires, and the district attorney supplied the court with a blank one. The defendant argued that the completed questionnaires were needed for effective cross-examination.

The court ordered that the People tender the completed questionnaires for an *in camera* review as to relevance after which the court would consider giving relevant portions to the defense. The People, however, continued to offer names, addresses, and criminal histories of both informants

70 ■

but refused to furnish the questionnaires. As a sanction the court ordered that no testimony from either informant would be permitted. Subsequently, both cases were dismissed upon a defense motion.

The People now argue that the in-camera review ordered was an abuse of discretion. They argue in the alternative that, if there was no abuse, the sanctions were inappropriate.

## I.

The People concede that they are required to disclose a confidential informant's identity when relevant. They further concede that sometimes an informant's whereabouts must be disclosed and that they must demonstrate good faith efforts to determine the informant's location and to maintain contacts with the informant. But, they deny any duty to give additional information once the informant's identity is not an issue.

They argue that since, under *United States v. Aguirre,* 716 F.2d 293 (5th Cir. 1983), they are sometimes not required to supply an informant's address, they should not be compelled to give anything extra such as might be contained in the questionnaires used here. They further argue under *People v. McLean,* 633 P.2d 513 (Colo. App.1981) that the defendant must show a necessity for the information. They rely on *People v. Gallegos,* 644 P.2d 920 (Colo. 1982) for the proposition that the requested information is irrelevant. Finally, they rely on *People v. District Court,* 719 P.2d 722 (Colo.1986) for the proposition that even an in camera inspection can be harmful. All these arguments fail.

■ Under *McLean,* the defendant must make a "minimal showing" of necessity. *See People v. Marquez,* 190 Colo. 255, 546 P.2d 482 (1976). That minimal showing was made here when defendant pointed out the relevancy of the informants' possible bias in the case. Once that minimal showing is made, it becomes an evidentiary matter for resolution by the trial court. *People v. Quintana,* 183 Colo. 81, 514 P.2d 1325 (1973).

Likewise, *Gallegos* is distinguishable. There the supreme court said that general-

ly defense counsel determines what is relevant to defendant's case. Here, the information may well be relevant inasmuch as bias of a witness is always relevant.

We also fail to see the connection between the present case and the reasoning in *People v. District Court, supra.* In that case, the in camera inspection was harmful because it involved interference between a doctor and patient privilege. No such privilege exists here.

We certainly recognize the People's interest in cooperating with the police department in protecting confidential informants. If the court had ordered this information turned over to the defendant, we might have reached a different result. However, here, the court merely ordered that the questionnaire be provided to it for its inspection to determine if there was relevant discoverable material contained therein. Such order was not an abuse of discretion. *See People v. Thurman,* 787 P.2d 646 (Colo.1990); *People v. Mulligan,* 193 Colo. 509, 568 P.2d 449 (1977) (issue of disclosure of information about informant requires balancing of interests).

## II.

■ The People argue, in the alternative, that even if the court's order was proper, the sanction imposed for failure to comply was inappropriate. We disagree.

For failure to comply with the court's order, the court suppressed the testimony of both confidential informants. "Where the disclosure of an informer's identity, *or of the contents of his communication,* is relevant and helpful to the defense of an accused ... the privilege must give way. In these situations the trial court may require disclosure and, if the Government withholds the information, dismiss the action." *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1954) (emphasis added).

Accordingly, the orders are affirmed.

METZGER and PLANK, JJ., concur.