**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**Frank D. RODRIGUEZ, Defendant–Appellant.**

**No. 87SA48.**

Supreme Court of Colorado, En Banc.

Dec. 6, 1989.

Rehearing Denied Dec. 18, 1989.

Duane Woodard, Atty. Gen., John D. Dailey, Deputy Atty. Gen., Appellate Section, Robert M. Petrusak and Joan C. White, Special Asst. Attys. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, and Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

## OPINION AND ORDER

PER CURIAM.

This case is now pending before us on the defendant's appeal of his death sen-

tence. The prosecution has filed a motion for a remand to the trial court for the limited purpose of determining whether certain possibly exculpatory evidence must be disclosed to the defense. In response, the defendant initially opposes such a remand and requests immediate disclosure of the information. In order that a complete factual and legal record may be developed, we retain jurisdiction, but remand to the trial court for determination of the issues discussed below on an expedited basis within forty-five days.

## I.

The defendant Frank D. Rodriguez was convicted of first-degree murder, section 18–3–102, 8B C.R.S. (1986), and was sentenced to death pursuant to a verdict by the jury, section 16–11–103, 8A C.R.S. (1986). Because of the death sentence, review in this court was automatic. C.A.R. 4(e). After the cause was submitted on the briefs, and orally argued, the prosecution filed a motion for a limited remand, which stated:

1. Since the conclusion of defendant's trial and sentencing below, the Denver District Attorney's office came into possession of information touching upon the crimes for which the defendant stands sentenced to death. This information, if it had any evidentiary value, could be considered favorable to the defendant. The attorney general's office was made aware of this information on November 1, 1989 by the Denver District Attorney's office.

2. Given the source and nature of the information and its lack of evidentiary value, the People believe that it is not constitutionally material and should not be subject to disclosure.... Accordingly, the People reaffirm their position that defendant's death sentence should be upheld.

3. However, to avoid any suggestion or appearance of unfairness and in light of the admonition of *[United States v.] Agurs*, [427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976)], that doubtful questions should be resolved in favor of disclosure, the People would make immediate and full disclosure but for the fact that such disclosure would expose and endanger a confidential informant and could jeopardize ongoing investigations of other serious crimes.

In response, the defendant has moved for immediate disclosure of the "exculpatory material which the state has admitted it possesses, so that [defendant's] attorney may thereafter ascertain what course of action is in Mr. Rodriguez' best interests...." The defendant initially opposes a remand prior to the disclosure of the material, but "[i]f this court grants a remand, the issues to be addressed should be precisely set forth," and "should not include any issues regarding the value of the evidence to Mr. Rodriguez...." We believe that a limited remand is necessary to determine whether disclosure to the defense is warranted.

## II.

The Due Process Clause of the fourteenth amendment requires that the prosecution disclose material exculpatory evidence in its possession to the defendant. For disclosure to be required, the evidence must be both favorable to the defendant and material to guilt or punishment. *United States v. Bagley*, 473 U.S. 667, 674, 105 S.Ct. 3375, 3379, 87 L.Ed.2d 481 (1985); *United States v. Agurs*, 427 U.S. 97, 104, 96 S.Ct. 2392, 2397, 49 L.Ed.2d 342 (1976); *Brady v. Maryland*, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215 (1963). The motion reveals neither the nature of the information, nor when the information came into the possession of the district attorney after the trial was completed. The motion does not provide any reason that the information should not now be disclosed to the defendant, except the bare unsworn assertion that "such disclosure would expose and endanger a confidential informant and could jeopardize ongoing investigations of other serious crimes."

█ In a capital case, there is a strong presumption that possibly exculpatory evidence should be given to the defendant. However, a procedure similar to that proposed by the prosecution was approved in *Pennsylvania v. Ritchie*, 480 U.S. 39, 58, 107 S.Ct. 989, 1002, 94 L.Ed.2d 40 (1987).

█ As an appellate court, we are not in the best position for original fact-finding. *See DeMarco v. United States*, 415 U.S. 449, 450, 94 S.Ct. 1185, 1185, 39 L.Ed.2d 501 (1974). Therefore, we remand this cause to the trial court for appropriate findings of fact and conclusions of law including but not limited to whether any of the evidence may be withheld from the defense. If the trial court concludes that the evidence is constitutionally material, it must order disclosure to the defense. The disclosure may be made under an order of confidentiality if such order is requested by the prosecution. Any order of confidentiality should restrict the disclosure of the information to counsel for the defense, pending review of the order of disclosure by this court.

█ The test of materiality that was established in *Bagley* is that: "The evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." 473 U.S. at 682, 105 S.Ct. at 3383. Even if the trial court concludes that the evidence is not material, it must still disclose any part of the information that the prosecution has not shown a compelling interest in withholding from the defense. *See Pennsylvania v. Ritchie*, 480 U.S. at 59–61, 107 S.Ct. at 1002–1004.

█ Although we have upheld the nondisclosure of the identity of confidential informants under the balance of interests test where they were not eyewitnesses, *People v. Langford*, 191 Colo. 87, 89–90, 550 P.2d 329, 331 (1976), the nature of the death sentence requires an extraordinary showing, based on competent evidence, before nondisclosure can be permitted.

III.

█ The defendant must be permitted to participate in the proceedings on remand to the maximum extent possible, commensurate with the nondisclosure of specific information under the guidelines set forth in this order.

█ The judge who presided at the original trial, the Honorable Connie L. Peterson, is in the best position to evaluate the nature, significance, and materiality of the evidence, and should therefore, in an expedited manner, review the evidence, holding such hearings as may be necessary, and prepare appropriate findings of fact and conclusions of law for review by this court. The materials containing the evidence, and the record of the proceedings in the trial court, together with the objections and arguments of counsel, should then be sealed and transmitted to this court, along with the findings of fact and conclusions of law.

This cause is remanded to the trial court for further proceedings consistent with the instructions in this order, but jurisdiction is retained by this court. The findings and conclusions are to be made as soon as possible, but not later than forty-five days from the entry of this order and the case should then be returned to this court.