**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Frank D. RODRIGUEZ, Defendant–Appellant.**

**No. 87SA48.**

Supreme Court of Colorado, En Banc.

March 12, 1990.

Duane Woodard, Atty. Gen., John D. Dailey, Deputy Atty. Gen., Appellate Section, Robert M. Petrusak, Asst. Atty. Gen., Joan C. White, Sp. Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

## OPINION AND ORDER

### PER CURIAM.

This case is pending before us on the defendant's appeal of his death sentence. The prosecution filed a motion for a remand to the trial court for the limited purpose of determining whether certain possibly exculpatory evidence must be disclosed to the defense. The defendant opposed the remand and asked for immediate disclosure of the information.

On December 6, 1989, while retaining jurisdiction of this appeal, we issued an order remanding to the trial court for a legal and factual determination of the issues of whether the possibly exculpatory evidence was constitutionally material and whether it must be disclosed to the defense. *People v. Rodriguez*, 786 P.2d 1079 (Colo.1989) (per curiam). The trial court was to conduct such proceedings and hearings as were necessary on an expedited basis within forty-five days.

After the limited remand, the prosecution presented certain materials to the trial judge in camera, which the prosecution stated came into its possession two years after the defendant's trial. On December 19, 1989, the trial court disclosed some of the information contained in one of the documents provided by the prosecution to defense counsel. In a sealed order dated January 23, 1990, the trial court found that the other evidence it examined in camera should not be disclosed to the defendant, and that the alleged exculpatory evidence was not constitutionally material. We conclude that the possibly exculpatory evidence must be disclosed to the defense and accordingly we vacate the trial court's order.

### I.

In our order of remand, we set out the following test for deciding whether the evidence could be withheld from the defense:

In a capital case, there is a strong presumption that possibly exculpatory evidence should be given to the defendant. However, a procedure similar to that proposed by the prosecution was approved in *Pennsylvania v. Ritchie*, 480 U.S. 39, 58, 107 S.Ct. 989, 1002, 94 L.Ed.2d 40 (1987).

As an appellate court, we are not in the best position for original fact-finding. *See DeMarco v. United States*, 415 U.S. 449, 450, 94 S.Ct. 1185, 1185, 39 L.Ed.2d 501 (1974). Therefore, we remand this

cause to the trial court for appropriate findings of fact and conclusions of law including but not limited to whether any of the evidence may be withheld from the defense. If the trial court concludes that the evidence is constitutionally material, it must order disclosure to the defense. The disclosure may be made under an order of confidentiality if such order is requested by the prosecution. Any order of confidentiality should restrict the disclosure of the information to counsel for the defense, pending review of the order of disclosure by this court.

. . . .

... *Even if the trial court concludes that the evidence is not material, it must still disclose any part of the information that the prosecution has not shown a compelling interest in withholding from the defense. See Pennsylvania v. Ritchie,* 480 U.S. at 59–61, 107 S.Ct. at 1002–1004.

Although we have upheld the nondisclosure of the identity of confidential informants under the balance of interests test where they were not eyewitnesses, *People v. Langford,* 191 Colo. 87, 89–90, 550 P.2d 329, 331 (1976), *the nature of the death sentence requires an extraordinary showing, based on competent evidence, before nondisclosure can be permitted.*

### III.

The defendant must be permitted to participate in the proceedings on remand to the maximum extent possible, commensurate with the nondisclosure of specific information under the guidelines set forth in this order.

*People v. Rodriguez,* 786 P.2d at 1082 (emphasis added). Our review of the record causes us to conclude that there was no sufficient showing of a compelling state interest in non-disclosure. We therefore hold that the materials presented in camera to the trial court must be disclosed to the defendant.

We also conclude that because the defendant was not permitted to participate to the maximum extent possible in conformity with our limited remand order, the findings of the trial court with respect to the constitutional materiality of the evidence should be vacated. Accordingly, we vacate the January 23, 1990 order of the trial court and return the previously sealed materials transmitted to this court to the trial court for disclosure to the defendant within ten days from the date of this order.