2013 CO 46

**David URIBE–SANCHEZ, Petitioner**

**v.**

**The PEOPLE of the State of Colorado, Respondent.**

**Supreme Court Case No. 09SC384**

Supreme Court of Colorado,
En Banc.

July 1, 2013

Attorneys for Petitioner: Douglas K. Wilson, Colorado State Public Defender, Elizabeth Griffin, Deputy State Public Defender, Denver, Colorado

Attorneys for Respondent:John W. Suthers, Attorney General, Jonathan P. Fero, Assistant Attorney General, Denver, Colorado

Justice RICE delivered the Opinion of the Court.

¶ 1 In this sexual assault case, we apply our interpretation of the term "promoted a relationship" in the relationship criterion of the sexually violent predator ("SVP") statute, section 18–3–414.5(1)(a)(III), C.R.S. (2012), as stated in *People v. Gallegos*, 2013 CO 45, ¶ 14, 307 P.3d 1096, 2013 WL 3322612, and hold that the court of appeals erred when it concluded that Petitioner David Uribe–Sanchez "promoted a relationship" with his victim by violently sexually assaulting her. We accordingly reverse the judgment of the court of appeals and remand with instructions to remand to the trial court to determine whether to designate Uribe–Sanchez as an SVP under the proper interpretation of "promoted a relationship."

## I. Facts and Procedural History

¶ 2 Uribe–Sanchez had a rocky relationship with the victim's mother for seven years.

During that time, Uribe–Sanchez acted like a stepfather to the victim; she referred to him as "dad." In November 2006, Uribe–Sanchez visited the then–13–year–old victim's home and learned that the victim would be home alone later that day. Uribe–Sanchez left, became intoxicated, and returned when the victim was alone. He entered the home through the back door, locked the front door from the inside, and found the victim in her bedroom. He beat her, drug her out to the living room, and forcibly raped her.

¶3 The state charged Uribe–Sanchez with four felonies and two crime-of-violence sentence enhancers. Uribe–Sanchez pleaded guilty to two additional counts—second-degree kidnapping involving a sexual offense, and attempted sexual assault on a child younger than 15—and the prosecution dismissed the original charges. The trial court accepted the pleas after a complete advisement and after Uribe–Sanchez admitted the factual basis of the charged crimes.

¶4 The trial court sentenced Uribe–Sanchez to 34 years in prison and designated him as an SVP. To conclude that he satisfied the relationship criterion of the SVP statute, the trial court determined that Uribe–Sanchez "promoted" his relationship with the victim primarily for the purpose of sexual victimization. It specifically found that: (1) Uribe–Sanchez's relationship with the victim was similar to that of a stepfather and stepdaughter; (2) Uribe–Sanchez did not "groom" or otherwise attempt to modify his relationship with the victim for the purpose of sexual victimization until the day of the assault; (3) on the day of the assault, Uribe–Sanchez visited the victim's home and learned she would be home alone later that day; (4) Uribe–Sanchez took steps to make it easy to re-access the home; (5) after leaving the home, Uribe–Sanchez returned, entered through the back door, and found the victim; and (6) during the sexual assault, Uribe–Sanchez was violent, intimidating, and extremely forceful.

¶5 Uribe–Sanchez appealed his SVP designation to the court of appeals, and the court of appeals affirmed. *People v. Uribe–Sanchez*, No. 07CA2513, slip op. at 1, 2009 WL 712342 (Colo.App. Mar. 19, 2009) (not selected for official publication). Relying on *People v. Tixier*, 207 P.3d 844, 848 (Colo.App. 2008), the court of appeals interpreted the term "promoted a relationship" in the relationship criterion of the SVP statute to include "efforts to encourage a victim with whom the offender has a limited relationship to enter into a broader relationship, primarily for the purpose of sexual victimization." *Uribe–Sanchez*, No. 07CA2513, slip op. at 2–3. It further held that an offender "can 'promote' a relationship at the same time he is committing the conduct ultimately leading to his arrest." *Id.* at 3. The court of appeals then applied its interpretation of "promoted a relationship" to the facts and held that Uribe–Sanchez promoted his relationship with the victim by engaging in behavior that broadened the relationship of a stepfather and stepdaughter to one that "had as its purpose sexual victimization." *Id.*

¶6 Uribe–Sanchez petitioned this Court for certiorari review of the court of appeals' opinion. We granted certiorari to determine whether the court of appeals correctly interpreted and applied the term "promoted a relationship" when it affirmed the trial court's designation of Uribe–Sanchez as an SVP.[1]

## II. Analysis

¶7 Applying our interpretation of "promoted a relationship," *Gallegos,* ¶2, we hold that the court of appeals erred when it concluded that Uribe–Sanchez's behavior during the commission of the sexual assault satisfied the relationship criterion of the SVP statute.

¶8 The trial court ultimately determines whether a defendant satisfies the four

1. More specifically, we granted certiorari to determine:
   Whether the trial court erred in ruling that Petitioner "promoted the relationship primarily for the purpose of sexual victimization," as required to classify him as a sexually violent predator pursuant to section 18–3–414.5(1)(a), by using violence in committing the sexual assault, and whether the court of appeals erred in avoiding this legal issue and affirming based upon its own unsupported and inadequate factual findings.

criteria of section 18–3–414.5(1)(a) and therefore qualifies for SVP designation. See *Allen v. People*, 2013 CO 44, ¶ 12, 307 P.3d 1102, 2013 WL 3323904 (released concurrently). To satisfy the relationship criterion of the SVP statute, the trial court must find that the offender's "victim was a stranger to the offender or a person with whom the offender established or *promoted a relationship* primarily for the purpose of sexual victimization." § 18–3–414.5(1)(a)(III) (emphasis added). For the purposes of this case, we need only apply our interpretation of the phrase "promoted a relationship" because the parties do not assert that Uribe–Sanchez was a stranger to the victim, nor do they argue that Uribe–Sanchez "established" a relationship with the victim for the purpose of sexual victimization.

¶ 9 We interpret the term "promoted a relationship" in *Gallegos*, ¶ 14. After construing the plain language of that phrase in light of court of appeals precedent applying the term, we hold that "an offender 'promoted a relationship' if, excluding the offender's behavior during the commission of the sexual assault that led to his conviction, he otherwise encouraged a person with whom he had a limited relationship to enter into a broader relationship primarily for the purpose of sexual victimization." *Id.*; *see also People v. Valencia*, 257 P.3d 1203, 1207 (Colo.App. 2011); *Tixier*, 207 P.3d at 848.

¶ 10 Here, the court of appeals held that an offender "can 'promote' a relationship at *the same time* he is committing the conduct ultimately leading to his arrest." *Uribe–Sanchez*, No. 07CA2513, slip op. at 3 (emphasis added). Applying this holding, the court of appeals concluded that Uribe–Sanchez promoted his relationship with the victim when he "broke into the victim's home, grabbed her and pulled her close to him, and quickly escalated his assault into that of a forcible rape as she fought to repel him." *Id.* at 3–4. This definition conflicts with our holding in *Gallegos* because that decision's definition of "promoted a relationship" explicitly "exclud[es] the offender's behavior during the commission of the sexual assault that led to his conviction." *Gallegos*, ¶ 17. Therefore, the court of appeals erred when it held

that Uribe–Sanchez's behavior during the sexual assault promoted a relationship with the victim primarily for the purpose of sexual victimization.

¶ 11 We accordingly reverse the judgment of the court of appeals. In addition, we remand to the court of appeals with instructions to remand to the trial court to determine whether its findings of fact, beyond those describing Uribe–Sanchez's behavior during the sexual assault, demonstrate that Uribe–Sanchez "promoted a relationship" with the victim primarily for the purpose of sexual victimization.

Justice MÁRQUEZ concurs in part and concurs in the judgment.

Justice COATS dissents.

Justice MÁRQUEZ, concurring in part and concurring in the judgment.

¶ 12 To the extent that the majority relies here on its decision in *Allen v. People*, 2013 CO 44, 307 P.3d 1102, 2013 WL 3323904, I write separately to note my disagreement with that opinion. Maj. op. ¶ 8; *Allen*, ¶¶ 33–39 (Márquez, J., concurring in the judgment). Nonetheless, I concur in the remainder of the opinion and in the judgment today because I agree with the majority that the court of appeals erred insofar as it held that Uribe–Sanchez's behavior during the sexual assault "promoted" a relationship with the victim primarily for purposes of sexual victimization. Maj. op. ¶ 10.

Justice COATS, dissenting.

¶ 13 For the reasons offered in my separate opinion in *Allen v. People*, 2013 CO 44, 307 P.3d 1102, 2013 WL 3323904, also released today, I disagree with majority's interpretation of the "established or promoted" language of section 18–3–414.5(1)(a)(III), C.R.S. (2012). Although I would also find clearly erroneous the sentencing court's determination that the defendant promoted a relationship with the victim by forcibly raping her, I nevertheless believe that under a proper construction of subparagraph (III), the defendant's act of breaking into the victim's home and forcibly raping her could not be the product of, or be facilitated by, any

relationship with her, and was therefore committed by him in the capacity of being a stranger.

¶ 14 Because I would affirm the court of appeals, albeit on other grounds, I respectively dissent.