2013 CO 45

### The PEOPLE of the State of Colorado, Petitioner

v.

### Carlos Anthony GALLEGOS, Respondent.

### Supreme Court Case No. 09SC1084

Supreme Court of Colorado,
En Banc.

July 1, 2013

Attorneys for Petitioner: John W. Suthers, Attorney General, Rhonda L. White, Assistant Attorney General, Denver, Colorado.

Attorneys for Respondent: Leslie A. Goldstein, L.L.C., Leslie A. Goldstein, Steamboat Springs, Colorado.

Justice RICE delivered the Opinion of the Court.

¶ 1 This sexual assault case requires us to interpret the phrases "established a relationship" and "promoted a relationship" in the relationship criterion of the sexually violent predator ("SVP") statute, section 18–3–414.5(1)(a)(III), C.R.S. (2012). We hold that an offender "established a relationship" with his victim primarily for the purpose of sexual victimization where he created, started, or began a relationship primarily for that purpose. Applying the definition of "established a relationship" to the record in this case, we affirm the court of appeals' decision reversing Respondent Carlos Anthony Gallegos' SVP designation because Gallegos had not "established a relationship" with the victim

primarily for the purpose of sexual victimization by living with the victim and treating her as his stepdaughter for the three years preceding the assault.

¶2 In addition, we hold that an offender "promoted a relationship" if, excluding the offender's behavior during the commission of the sexual assault that led to his conviction, he otherwise encouraged a person with whom he had a limited relationship to enter into a broader relationship primarily for the purpose of sexual victimization. Because the trial court determined that Gallegos met the relationship criterion by having "established a relationship" with his victim primarily for the purpose of sexual victimization, it did not make factual findings regarding whether Gallegos "promoted a relationship" for the same purpose. Therefore, we remand to the court of appeals with instructions to remand to the trial court to make specific factual findings and determine whether Gallegos "promoted a relationship" with his victim primarily for the purpose of sexual victimization.

### I. Facts and Procedural History

¶3 Gallegos pleaded guilty to attempted sexual assault on a child after admitting to sexually assaulting his live-in girlfriend's six-year-old daughter. The trial court found that Gallegos met the relationship criterion of the SVP statute because he established a relationship with the victim primarily for the purpose of sexual victimization. Specifically, the trial court consulted the police report, the victim's report, and Gallegos' statements and determined that "no other legitimate relationship [existed] other than [one established primarily] for the purpose of sexual victimization." In making its determination, the trial court employed the definition of "established a relationship"[1] prescribed in the Sex Offender Management Board's (the "SOMB") risk assessment screening instrument (the "Screening Instrument").

¶4 Gallegos appealed his SVP designation and the court of appeals reversed. *People v. Gallegos*, 240 P.3d 882, 886 (Colo.App.2009). The court of appeals determined that "the facts in the record do not support the [trial] court's finding that Gallegos 'established' the relationship with the victim primarily for the purpose of sexual victimization." *Id.* at 883. Ignoring the Screening Instrument's definition of "established," the court of appeals instead interpreted the term "established" in the relationship criterion consistent with its plain meaning: "The commonly accepted definition of 'establish,' when used as a verb, is 'to bring into existence, create, make, start, originate, or found.'" *Id.* at 884 (quoting *Webster's Third New International Dictionary* 778 (2002)). Applying this definition, the court of appeals concluded that Gallegos did not "establish a relationship" primarily for the purpose of sexual victimization with

---

1. The Screening Instrument used to evaluate Gallegos defines "established a relationship" by listing four criteria and instructing that where "two of the listed criteria [are] checked ... the offender established a relationship with the victim." *SOMB Handbook: Sexually Violent Predator Assessment Screening Instrument for Felons, Background and Instruction* 22 (June 2003), http://dcj.state.co.us/ors/pdf/docs/Final%20SVP. pdf. The four criteria are:
    1. *Offender has a history of multiple victims and similar behavior*—a history of multiple victims does not require documentation in official court records. Self-report, clinical records, prison or community supervision records are important sources of this information.
    2. *Offender has actively manipulated the environment to gain access to this victim*—this includes use of the offender's residence, workplace, and leisure activities. Use of the internet to gain access to the victim is also included within this criterion.

3. *Introduction of sexual content in the relationship*—this criterion indicates that *content* such as inappropriate sexual discussions or pornographic material was introduced into the relationship. The introduction of sexual content is a deliberate attempt to gauge the victim's interest or curiosity in sexual issues. This criterion should not be confused with the one listed below referring to *sexual contact*.
4. *Offender persisted in the introduction of sexual contact or inappropriate behavior of a sexual nature despite lack of consent or the absence of the ability to consent*—Non-consensual activity is the emphasis of this criterion. Not only must a lack of consent be taken into consideration, but also the *inability* of an individual to give appropriate consent. Individuals who are under the legal age for giving consent or who are developmentally disabled would fit this criterion. *Id.* at 22–23.

his victim as required by the SVP statute because the relationship already existed at the time of the sexual victimization. *Id.* at 886.

¶ 5 Contrary to its decision to disregard the Screening Instrument's definition and separately define "established a relationship," the court of appeals deferred to the Screening Instrument's definition of "promoted a relationship"[2] later in its analysis. Despite this deference, the court of appeals "express[ed] no opinion as to whether Gallegos might fit the definition of an SVP under the 'promoted a relationship'" component of the relationship criterion. *Id.* Instead, the court of appeals simply reversed Gallegos' SVP designation on the grounds that Gallegos did not "establish the relationship" primarily for the purpose of sexual victimization. *Id.*

¶ 6 The People then petitioned this Court for certiorari review of the court of appeals' decision. We granted certiorari to address: (1) whether the court of appeals erred by proffering its own definition of "established a relationship" in the relationship criterion; and (2) whether the court of appeals should have addressed whether Gallegos met the relationship criterion by having "promoted a relationship" with his victim primarily for the purpose of sexual victimization.[3] We address each issue in turn.

## II. Analysis

¶ 7 This case requires us to construe the relationship criterion in the SVP statute. We review questions of law involving statutory interpretation de novo. *Grant*

*v. People,* 48 P.3d 543, 546 (Colo.2002). This Court's familiar role interpreting statutes requires that we interpret the plain language of a statute to "give full effect to the intent of the General Assembly." *Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.,* 109 P.3d 585, 593 (Colo. 2005). Where "the statutory language is clear, we apply the plain and ordinary meaning of the provision," *Lobato v. Indus. Claim Appeals Office,* 105 P.3d 220, 223 (Colo.2005), giving that language "consistent, harmonious, and sensible effect to each part whenever possible," *People v. Banks,* 9 P.3d 1125, 1127 (Colo.2000) (citation and internal quotation marks omitted). Moreover, "[w]e interpret every word, rendering none superfluous; undefined words and phrases are read in context and construed literally according to common usage." *Sooper Credit Union v. Sholar Grp. Architects, P.C.,* 113 P.3d 768, 771 (Colo. 2005). We first describe the SVP designation in light of our holding in *Allen v. People,* 2013 CO 44, 307 P.3d 1102, 2013 WL 3323904 (released concurrently).

### A. The SVP Designation and *Allen v. People*

¶ 8 The trial court designates an offender as an SVP when the offender: (1) was eighteen years of age or older as of the date of the offense; (2) was convicted of an enumerated sexual offense; (3) committed the offense against a victim who was a stranger or was a person with whom the offender established or promoted a relationship primarily for the purpose of sexual victimization; and (4) is likely to recidivate. § 18–3–414.5(1)(a)(I)–(IV).

**2.** Like its definition of "established a relationship," the Screening Instrument defines "promoted a relationship" by providing a list of descriptors and indicating that "[t]he presence of the first item and the presence of any one or more factors will make the determination for this criterion." *SOMB Handbook: Sexually Violent Predator Assessment Screening Instrument for Felons, Background and Instruction* 23 (June 2003), http://dcj.state.co.us/ors/pdf/docs/Final%20SVP.pdf.

**3.** Specifically, we granted certiorari on two issues:

    1. Whether the court of appeals erred by not following the Sex Offender Management

Board's criteria and creating its own dictionary definition of "established a relationship" under section 18–3–414.5(1)(a)(III), C.R.S. (2009), and whether the court of appeals erred in its conclusion that the defendant did not meet the "established a relationship" criterion to be classified as a sexually violent predator.

    2. Whether the court of appeals should have made findings on the alternate grounds that the defendant "promoted a relationship" with the victim primarily for the purpose of sexual victimization. Alternatively, whether the appropriate remedy is to remand the case to the trial court for further proceedings.

¶ 9 The SVP designation process is unique. *See Allen*, ¶ 6. When an offender is convicted of an enumerated offense, *see* § 18–3–414.5(1)(a)(II), a SOMB-trained evaluator administers the Screening Instrument[4] to determine whether an offender meets the recidivism criterion of the SVP statute. *See* § 18–3–414.5(1)(a)(IV). Although the SVP statute only expressly directs the SOMB to address the recidivism criterion in the Screening Instrument, *see id.*, the SOMB developed the Screening Instrument in such a way that requires the evaluator to confirm that the offender has satisfied the first three criteria of the SVP statute before reaching the recidivism analysis. *See SOMB Handbook: Sexually Violent Predator Assessment Screening Instrument for Felons, Background and Instruction* 66–70 (June 2003), http://dcj.state.co.us/ors/pdf/docs/Final %20SVP.pdf. To assist the evaluator, the Screening Instrument provides definitions for the first three criteria, including defining when an offender "established a relationship" or "promoted a relationship" primarily for the purpose of sexual victimization. *Id.* at 22–26.

¶ 10 Section 18–3–414.5, however, does not grant the SOMB the authority to define these terms. *See Allen*, ¶ 9 (opining that "the SVP statute only expressly directs the SOMB to address the recidivism criterion in the Screening Instrument"). Accordingly, to guide the lower courts in their future SVP analyses, we review the relationship criterion de novo and, applying our tenants of statutory construction, we define the terms "established a relationship" and "promoted a relationship" as employed in that criterion.

### B. Established A Relationship

■■■ ¶ 11 We hold that an offender "established a relationship" under the relationship criterion of the SVP statute where he created, started, or began the relationship primarily for the purpose of sexual victimization.

¶ 12 The leading legal dictionary defines the verb "establish" as "[t]o make or form; to bring about or into existence." *Black's Law Dictionary* 626 (9th ed. 2004). Similarly, Webster's New College Dictionary defines "establish," as "to cause to be or happen; bring about." *Webster's New College Dictionary* 486 (2005). Considering these definitions in the context of the SVP statute, we hold that an offender "established a relationship"—and therefore meets the relationship criterion of the SVP statute—if he created, started, or began a relationship with his victim primarily for the purpose of sexual victimization.

¶ 13 In this case, Gallegos lived in the same house as his victim for three years prior to the incident and interacted with her as he would interact with a stepchild. Nothing in the record suggests that Gallegos created, started, or began his relationship with the victim for the purpose of sexual victimization. Rather, Gallegos maintained a stepparent-like relationship with the victim for purposes unrelated to sexual victimization. The trial court therefore erred when it found that Gallegos "established a relationship" with the victim primarily for the purpose of sexual victimization. We now consider the meaning of the term "promoted a relationship," in the relationship criterion of the SVP statute.

### C. Promoted A Relationship

■■ ¶ 14 We hold that an offender "promoted a relationship" if, excluding the offender's behavior during the commission of the sexual assault that led to his conviction, he otherwise encouraged a person with whom he had a limited relationship to enter into a broader relationship primarily for the purpose of sexual victimization.

¶ 15 Court of appeals' precedent interpreting the phrase "promoted a relationship" informs our construction. For example, in *People v. Tixier*, the court of appeals addressed the meaning of "promoted a relationship" and held that it "includes . . . efforts to

---

**4.** In addition to administering the Screening Instrument, the SOMB works with the division of criminal justice to create the Screening Instrument. § 16–11.7–103(4)(d), C.R.S. (2012); § 18–3–414.5(1)(a)(IV). The Screening Instrument employs the most current sex offender risk assessment research available to assist the trial court in determining the likelihood that an adult sex offender will recidivate. *See* § 16–11.7–103(4)(d).

encourage a victim with whom the offender has a limited relationship to enter into a broader relationship, primarily for the purpose of sexual victimization." 207 P.3d 844, 848 (Colo.App.2008). Likewise, in *People v. Valencia*, the court of appeals opined that an offender can "promote a proscribed relationship when he and the victim have had a previous relationship, which was limited in its nature, purpose, and customary time and place of interaction, but the offender encouraged the expansion of that relationship to foster sexual victimization." 257 P.3d 1203, 1207 (Colo.App.2011). Thus, divisions of the court of appeals agree regarding the type of conduct that indicates an offender "promoted a relationship" primarily for the purpose of sexual victimization; namely, "an offender must engage in some conduct, beyond the sexual assault itself, which is designed to ... expand an existing relationship into one primarily for the purpose of sexual victimization." *Id.* at 1208; *Tixier*, 207 P.3d at 848.

¶ 16 The court of appeals' decisions in *Tixier* and *Valencia* are generally consistent with the plain meaning of "promoted a relationship" as used in the SVP statute. The word "promoted" is commonly understood as meaning "to help bring about or further the growth or establishment of." *Webster's New College Dictionary* 1148 (2005). We recognize that this definition of "promoted" includes the phrase "to help bring about," and therefore resembles our definition of "established." Reading "promoted" in context, however, demonstrates a legislative intent for "established" and "promoted" to refer to alternative ways in which an offender might satisfy the relationship criterion because the General Assembly employed the disjunctive word "or" between the two verbs. § 18–3–414.5(1)(a)(III) (providing that the offender's victim must have been "a person with whom the offender established *or* promoted a relationship primarily for the purpose of sexual victimization" (emphasis added)); *see Armintrout v. People*, 864 P.2d 576, 581 (Colo. 1993) (noting that "when the word 'or' is used in a statute, it is presumed to be used in the disjunctive sense"). For example, a relationship between the victim and the offender will already exist for a trial court to find that the offender "promoted a relationship" primarily

for the purpose of sexual victimization; whereas, in contrast, a relationship need not exist between the offender and the victim for the trial court to find that the offender "established a relationship" primarily for the purpose of sexual victimization. *See, e.g., Valencia*, 257 P.3d at 1207 (interpreting "promoted a relationship" to refer to conduct that expanded an existing relationship into one primarily for the purpose of sexual victimization). Interpreting "promoted a relationship" to provide an alternative avenue by which an offender might satisfy the relationship criterion gives meaning to every word in the criterion and renders neither "established" nor "promoted" superfluous. *See Sooper Credit Union*, 113 P.3d at 771.

¶ 17 Having considered the plain language of "promoted a relationship" in context and in light of the court of appeals' precedent, we hold that an offender "promoted a relationship" if, excluding the offender's behavior during the commission of the sexual assault that led to his conviction, he otherwise encouraged a person with whom he had a limited relationship to enter into a broader relationship primarily for the purpose of sexual victimization.

¶ 18 Because the trial court determined that Gallegos met the relationship criterion by having "established a relationship" with his victim primarily for the purpose of sexual victimization, it did not make factual findings regarding whether Gallegos "promoted a relationship" for the same purpose. "As an appellate court, we are not in the best position for original fact-finding." *People v. Rodriguez*, 786 P.2d 1079, 1082 (Colo.1989). Therefore, we remand to the court of appeals with instructions to remand to the trial court to make specific factual findings and determine whether Gallegos "promoted a relationship" with his victim primarily for the purpose of sexual victimization.

### III. Conclusion

¶ 19 We hold that an offender "established a relationship" with his victim primarily for the purpose of sexual victimization where he created, started, or began the relevant relationship primarily for that purpose. Because

our definition of "established a relationship" indicates Gallegos did not meet the relationship criterion, we affirm the court of appeals' decision reversing Gallegos' SVP designation on those grounds.

¶ 20 We additionally hold that an offender "promoted a relationship" if, excluding the offender's behavior during the commission of the sexual assault that led to his conviction, he otherwise encouraged a person with whom he had a limited relationship to enter into a broader relationship primarily for the purpose of sexual victimization. We reverse the court of appeals to the extent it failed to consider whether Gallegos might have "promoted a relationship" with his victim primarily for the purpose of sexual victimization.

¶ 21 Accordingly, we remand this case to the court of appeals with instructions to remand to the trial court to determine whether Gallegos met the relationship criterion in the SVP statute by having "promoted a relationship" with the victim primarily for the purpose of sexual victimization.

Justice MÁRQUEZ concurs in part and concurs in the judgment.

Justice COATS dissents.

Justice MÁRQUEZ, concurring in part and concurring in the judgment.

¶ 22 To the extent that the majority relies here on its decision in *Allen v. People*, 2013 CO 44, 307 P.3d 1102, I write separately to note my disagreement with that opinion. Maj. op. ¶¶ 9–10; *Allen*, ¶¶ 33–39 (Márquez, J., concurring in the judgment). Nonetheless, I concur in the remainder of the opinion and in the judgment today because I agree with the majority that Gallegos had not "established a relationship" with the victim primarily for the purpose of sexual victimization by living with the victim and treating her as his stepdaughter for the three years preceding the assault. Maj. op. ¶ 13.

JUSTICE COATS, dissenting.

¶ 23 For the reasons offered in my separate opinion in *Allen v. People*, 2013 CO 44, 307 P.3d 1102, also released today, I disagree with the majority's interpretation of the "es-

tablished or promoted" language of section 18–3–414.5(1)(a)(III), C.R.S. (2012), and in addition, I disagree with its decision to remand for further consideration by the sentencing court. The record (such as it is) of this plea of guilty, without factual basis, to a class 5 felony attempt to commit sexual assault on a child, reflects only that the incident from which the charges arose involved touching the vaginal area of the five-year-old daughter of the defendant's girlfriend while washing her in a bathtub. Although the contact clearly occurred as the result of, or was facilitated by, the defendant's two and one-half year, step-parent-like relationship with the victim, nothing in the record (including a prior sexual assault conviction) suggested that he at any time sought to cultivate a relationship with her for the purpose of sexual victimization; and given the timing and circumstances of the offense, such a suggestion would not appear to be serious.

¶ 24 Although I also disagree with the intermediate appellate court's distinction between "established" and "promoted," I believe both that the sentencing court's finding of the requirements of subparagraph (III) was clearly erroneous and that a remand is unnecessary. Because I would simply affirm the judgment of the court of appeals on other grounds, I respectfully dissent.