22CA2160 Peo v Curtis 07-18-2024 COLORADO COURT OF APPEALS Court of Appeals No. 22CA2160 Adams County District Court No. 09CR2309 Honorable Roberto Ramirez, Judge The People of the State of Colorado, Plaintiff-Appellee, v. William Andrew Curtis, Defendant-Appellant. ORDER AFFIRMED Division V Opinion by JUDGE HARRIS Brown and Lum, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced July 18, 2024 Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Erin Hunn, Alternate Defense Counsel, Denver, Colorado, for Defendant-
Appellant 
1 ¶ 1 Defendant, William Andrew Curtis, appeals the district court’s order summarily denying his third postconviction motion. We affirm. I. Background ¶ 2 In 2010, a jury convicted Curtis of sexual assault under section 18-3-402(1)(a), C.R.S. 2010. The trial court sentenced him to twelve years to life in prison and, after considering an evaluator’s recommendation and making factual findings, designated him a sexually violent predator (SVP). ¶ 3 On direct appeal, Curtis challenged his conviction but not his SVP designation. A division of this court affirmed his conviction. See People v. Curtis, (Colo. App. No. 10CA2537, May 16, 2013) (not published pursuant to C.A.R. 35(f)) (Curtis I). ¶ 4 Thereafter, Curtis filed several postconviction motions seeking reversal of his SVP designation. ¶ 5 In 2015, Curtis filed a pro se Crim. P. 35(c) motion, which was later supplemented by appointed counsel. He asserted, among other claims, that the trial court erred by designating him an SVP and that trial counsel was ineffective for failing to challenge the designation at sentencing. After a hearing on several of Curtis’s 
2 claims, including the SVP claim, the postconviction court denied the Rule 35(c) motion. ¶ 6 On appeal, the division addressed both the substantive claim — that the evidence did not support the trial court’s SVP finding — and the ineffective assistance of counsel claim. People v. Curtis, slip op. at ¶¶ 38-45 (Colo. App. No. 18CA1299, Apr. 1, 2021) (not published pursuant to C.A.R. 35(e)) (Curtis II). The division concluded that, contrary to Curtis’s argument, the record supported a finding under People v. Gallegos, 2013 CO 45, that Curtis had established a relationship with the victim primarily for the purpose of sexual victimization. Curtis II, No. 18CA1299, ¶¶ 38-41. It therefore determined that the trial court had not erred by designating him an SVP. Id. And in light of the record support for the designation, the division rejected Curtis’s argument that counsel had provided ineffective assistance at sentencing. Id. at ¶¶ 42-45. ¶ 7 Then, in 2022, Curtis filed a second pro se postconviction motion, this time under Crim. P. 35(a), again alleging that the trial court had erred by designating him an SVP. The postconviction court construed the motion as a Rule 35(c) motion, see People v. 
3 Baker, 2017 COA 102, ¶ 14 (a defendant must challenge an SVP designation under Crim. P. 35(c), not Crim. P. 35(a)), rev’d on other grounds, 2019 CO 97M, and denied it as untimely. ¶ 8 A month after the denial of his Crim. P. 35(a) motion, Curtis filed the current pro se motion, styled as a C.R.C.P. 60(b) motion to set aside the trial court’s SVP designation. The postconviction court construed the motion as a Crim. P. 35(c) motion and denied it as untimely and successive. Curtis filed a motion for reconsideration, which the court also denied. II. Analysis ¶ 9 Curtis contends that the court erred by denying his Rule 60(b) motion. Reviewing de novo, see People v. Cali, 2020 CO 20, ¶ 14, we disagree. ¶ 10 As an initial matter, to the extent Curtis maintains that a C.R.C.P. 60(b) motion is a cognizable vehicle for challenging an SVP designation, that argument fails. A postconviction challenge to an SVP designation must be brought under Crim. P. 35(c), as a collateral attack on the criminal judgment. Baker, ¶¶ 18-24. And because a criminal rule governs postconviction challenges to an SVP designation, the civil rules of procedure do not apply. See 
4 Crim. P. 57(b) (explaining that the court should “look to the Rules of Civil Procedure . . . if no Rule of Criminal Procedure” applies). Thus, we agree with the postconviction court that Curtis’s motion must be construed as a Crim. P. 35(c) motion. See, e.g., DePineda v. Price, 915 P.2d 1278, 1280 (Colo. 1996) (resolution of a postconviction motion turns on the substantive issues raised, not on the motion’s label). ¶ 11 Rule 35(c) claims are subject to procedural bars. As relevant here, subject to certain exceptions, the court must deny any claim that is successive. A claim is successive if it was raised and resolved in a prior appeal or postconviction proceeding, see Crim. P. 35(c)(3)(VI), or if it could have been raised in a prior proceeding but was not, see Crim. P. 35(c)(3)(VII). ¶ 12 Curtis contends that his motion is not successive because the trial court did not consider whether he had established a relationship with the victim for the primary purpose of sexual victimization. He says he could not have raised that argument on direct appeal because the supreme court did not clarify the definition of the “established a relationship” prong of the SVP test until 2013, when it decided Gallegos. And, he argues, the 
5 postconviction court did not make a specific finding on that prong either, so the issue has never been resolved. ¶ 13 Even accepting all of that as true, the argument still fails. On appeal of the denial of Curtis’s initial Rule 35(c) motion, the division considered and fully resolved his claim that, under Gallegos, he was not an SVP because the evidence did not support the “established a relationship” criterion. See Curtis II, No. 18CA1299, slip op. at ¶¶ 39, 41. Thus, the claim was raised and resolved in a prior postconviction proceeding. See DePineda, 915 P.2d at 1281 (“[A] defendant is prohibited from using a proceeding under Crim. P. 35 to relitigate issues fully and finally resolved in an earlier appeal.”). ¶ 14 Under Crim. P. 35(c)(3)(VI), a claim that has been raised and resolved can only proceed if it is based on newly discovered evidence or a new constitutional rule that applies retroactively. Crim. P. 35(c)(3)(VI)(a), (b). Curtis does not argue that his claim satisfies one of these exceptions. ¶ 15 Instead, he argues that to the extent the claim was resolved by Curtis II, that decision was wrongly decided. We reject that argument under the law of the case doctrine. 
6 ¶ 16 The law of the case doctrine contains two branches, analyzed differently depending on whether the prior law of the case involves the court’s own rulings or the rulings of a higher court. See Owners Ins. Co. v. Dakota Station II Condo. Ass’n, 2021 COA 114, ¶ 23. When the court’s own rulings are at issue, the doctrine, though discretionary, expresses the practice of courts generally to “refuse to reopen what has been decided.” People v. Morehead, 2019 CO 48, ¶ 10 (quoting People ex rel. Gallagher v. Dist. Ct., 666 P.2d 550, 553 (Colo. 1983)). Thus, courts ordinarily follow their prior rulings unless the ruling is no longer sound due to changed conditions. See Stockdale v. Ellsworth, 2017 CO 109, ¶ 37. When a higher court’s rulings are at issue, the doctrine — known as the mandate rule in those circumstances — is not discretionary. See Owners Ins. Co., ¶ 24. Under the mandate rule, the holdings of an appellate court become the law of the case, which a district court must follow on remand. Id. ¶ 17 Therefore, in reviewing Curtis’s latest postconviction motion, the postconviction court was required to follow the Curtis II division’s holding that the record supported Curtis’s SVP designation. And although we could depart from the division’s prior 
7 holding, we see no reason to do so, as the legal landscape has not changed since that decision. ¶ 18 Accordingly, we conclude that Curtis’s postconviction motion was successive, and the postconviction court properly denied it. III. Disposition ¶ 19 The order is affirmed. JUDGE BROWN and JUDGE LUM concur.