23CA1920 Peo v Thieman 01-02-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1920
Douglas County District Court No. 22CR524
Honorable Patricia D. Herron, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Timothy Wilson Thieman,

Defendant-Appellant.

---

ORDER VACATED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE MOULTRIE
Welling and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 2, 2025

---

Philip J. Weiser, Attorney General, Frank R. Lawson, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

John T. Carlson, Alternate Defense Counsel, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Timothy Wilson Thieman, appeals the district court's restitution order. We vacate the restitution order and remand with directions.

## I.    Background

¶ 2    In May 2022, Thieman and a codefendant burglarized a convenience store and stole numerous items including cash, lottery tickets, alcoholic beverages, nicotine and tobacco products, and other miscellaneous items. The manager of the convenience store provided the police with a printed inventory list of the stolen lottery tickets, a summary of the amount of stolen cash, and an estimate of the cost of the other stolen items.

¶ 3    On October 27, 2022, Thieman's defense counsel filed a plea agreement signed by Thieman, his defense counsel, and the prosecutor, in which Thieman agreed to plead guilty to burglary and theft involving $20,000 or more but less than $100,000.

¶ 4    About two weeks before the plea agreement was filed, the prosecution filed a "Motion for Joint and Several Restitution" (first restitution motion) seeking restitution in the amount of $10,825.14 for losses related to the nicotine and tobacco products. Thieman

filed an objection to the first restitution motion and requested a hearing.

¶ 5     As relevant here, the plea agreement contained the following terms:

> Defendant is obligated to pay restitution as defined in C.R.S. [section] 18-1.3-602.  The defendant admits to liability, stipulates to causation, and agrees to pay restitution for all pecuniary losses suffered by all victims for all charged counts, even those dismissed as part of this plea agreement.  Pursuant to C.R.S. [section] 18-1.3-603(1)(b), defendant stipulates to pay restitution in the preliminary amount of $10,825.14 and the defendant waives objection to the court entering a preliminary order that the defendant is obligated to pay restitution including the stipulated amount and waives objection to the final amount of restitution being determined within 91 days following the order of conviction.

¶ 6     On October 28, 2022, the district court held an arraignment hearing at which Thieman entered his guilty plea and the court entered a judgment of conviction and sentence.  However, during the hearing, Thieman's defense counsel clarified that, despite the language in the plea agreement, Thieman was not stipulating to the amount of restitution.  Defense counsel indicated that the inclusion of the stipulation language was an oversight, and he noted that he

had already filed a written objection to the amount of restitution. The prosecutor indicated she was aware that Thieman was objecting to the amount of restitution and that she was "fine" with setting a hearing on the amount of restitution. The district court entered an order requiring Thieman to pay restitution but noted that the amount was disputed and set the matter for a hearing.

¶ 7 On December 5, 2022, the district court held an evidentiary hearing on the first restitution motion. During the prosecutor's direct examination of one of the convenience store employees, Thieman's defense counsel and his codefendant's defense counsel each realized that the prosecution was seeking restitution for losses in addition to the nicotine and tobacco products that were identified in the first restitution motion. Both defense counsel objected to the court considering restitution for losses other than the items identified in the first restitution motion because they didn't have notice of the additional request for restitution. Defense counsel argued that the prosecutor had an obligation under section 18-1.3-603, C.R.S. 2024, to provide them with information about any additional losses for which restitution was sought before the order of conviction.

3

¶ 8    The prosecutor argued that the purpose of a restitution hearing is to allow the court to determine all restitution in a case, not just "the restitution that . . . has been claimed at this point." The prosecutor also argued that "[a]ll of the items that were stolen from the store [were] clearly outlined in discovery" and information about the items was "admissible for the purposes of [a restitution] hearing for the Court to determine whether restitution is the amount that's [been requested] or, in fact, whether restitution is actually more than what has been [requested]."

¶ 9    The district court resolved the dispute by limiting the hearing to the items previously disclosed in the first restitution motion but authorizing the prosecution to file a supplemental motion for the other items, which would be subject to a future hearing if anyone objected to a supplemental restitution request. At the conclusion of the hearing, the district court took the first restitution motion under advisement.

¶ 10    After the restitution hearing concluded, the prosecutor filed an "Amended Motion for Joint and Several Restitution" (second restitution motion) that requested restitution in the amount of

4

$22,011.20.  Thieman objected to the amount of restitution and requested a second hearing.

¶ 11     On September 26, 2023, the district court entered a final order of restitution (restitution order) that found Thieman and his codefendant jointly and severally liable to pay restitution in the total amount of $22,011.20.  This appeal followed.

## II.     Standard of Review and Applicable Legal Principles

¶ 12     Statutory interpretation is a question of law that we review de novo.  *People v. Gallegos*, 2013 CO 45, ¶ 7.  In construing a statute, our primary objective is to ascertain and give effect to the intent of the legislature.  *People v. Ross*, 2021 CO 9, ¶ 23.  We presume the General Assembly intended a just and reasonable result in enacting a statute.  § 2-4-201(1)(c), C.R.S. 2024.  To effectuate legislative intent, we consider the statutory scheme as a whole, "giving consistent, harmonious, and sensible effect to all of its parts and avoiding constructions that would render any words or phrases superfluous or lead to illogical or absurd results." *Pineda-Liberato v. People*, 2017 CO 95, ¶ 22.  We also construe words and phrases in accordance with their plain and ordinary meanings.  *Id.*

¶ 13    Although our goal in statutory analysis is to give effect to the legislature's intent, *see Ross*, ¶ 23, we are also bound to follow the supreme court's decisions in determining the legislature's intent, *People v. Kern*, 2020 COA 96, ¶ 42.

¶ 14    Section 18-1.3-603(1) requires that all judgments of conviction contain an order regarding restitution and specifies the four types of restitution orders a district court can enter. *People v. Weeks*, 2021 CO 75, ¶ 3.  As applicable here, a district court may enter "[a]n order that the defendant is obligated to pay restitution, but that the specific amount of restitution shall be determined within the ninety-one days immediately following the order of conviction, unless good cause is shown for extending the time period by which the restitution amount shall be determined." § 18-1.3-603(1)(b); *see Weeks*, ¶ 3.

¶ 15    In *Weeks*, the supreme court concluded that section 18-1.3-603(1)(b) establishes a ninety-one-day deadline following entry of a judgment of conviction within which a district court must determine the amount of restitution that a defendant must pay. *Weeks*, ¶ 4.  In other words, subsection (1)(b) authorizes the district court to "preliminarily require [a] defendant to pay restitution and

to table the determination of the amount of restitution" to a date within ninety-one days of the judgment of conviction. *Id.* at ¶ 34. The ninety-one-day deadline may be extended only if the district court expressly finds good cause for extending it before it expires. *Weeks*, ¶ 5.

## III. Discussion

¶ 16 Thieman asserts that the district court erred by (1) entering a final order of restitution nearly eleven months after it entered his judgment of conviction and sentence without making good cause findings for delaying the ruling beyond the ninety-one-day deadline contained in section 18-1.3-603(1)(b); (2) failing to hold an evidentiary hearing on the second restitution motion when he requested one; (3) allowing the prosecution to supplement the amount of restitution sought after the judgment of conviction, in violation of section 18-1.3-603(2)(a); and (4) failing to consider whether the requested amount of restitution should be set off by the value of items that remained in police evidence.

¶ 17 The People concede that the restitution order was untimely. And they concede that the supreme court's decision in *Weeks* is applicable to our consideration of the implications of the untimely

7

order.  But they urge us to consider the "broader legal tenets" expressed by federal jurisprudence interpreting the procedures of the Mandatory Victims' Restitution Act (MVRA), 18 U.S.C. § 3664; the purposes of the Victim Rights Act (VRA), sections 24-4.1-300.1 to -305, C.R.S. 2024; and the legislative purposes of restitution and to interpret *Weeks* in a way that doesn't require automatically vacating restitution orders because of "any statutory 91-day violation."

¶ 18     We agree with Thieman that the district court erred when it issued the restitution order nearly eleven months after the entry of his judgment of conviction.  We also agree with Thieman that, pursuant to *Weeks*, the restitution order must be vacated because it was untimely, notwithstanding the arguments raised by the People.  Because we are vacating the restitution order we decline to address Thieman's additional arguments.

A.     There Was Only One Restitution Order, and It Was Untimely

¶ 19     The People argue that the "correct analysis [of *Weeks*] supports vacating the [second restitution motion] but not [the first restitution motion]."  Thus, the People argue, we should affirm the restitution order in an amount up to the $10,825.14 requested in

the first restitution motion. But this argument misses the mark. Although there were two restitution *motions*, there was only one order.

¶ 20 In the restitution order, the district court found that it had "entered an Order on [the prosecution's] Motion for Joint and Several Restitution in the amount of $10,825.14" on October 10, 2022. This finding is clearly erroneous. October 10, 2022, was the date that the prosecution filed the first restitution motion. Recall that Thieman objected to that motion, and the district court held an evidentiary hearing and took ruling on that motion under advisement. The People have not identified in the record — nor have we found — any order setting an amount of restitution other than the September 2023 restitution order obligating Thieman to pay $22,011.20. The People concede that the restitution order was untimely and the district court did not make a finding of good cause to extend entry of the order setting the amount of restitution owed beyond the ninety-one-day deadline contained in section 18-1.3-603(1)(b).

¶ 21 However, the People urge us to interpret the supreme court's decision in *Weeks* in a way that doesn't require us to vacate the

restitution order despite its procedural deficiencies. But, as we discuss next, we aren't persuaded that considering *Weeks* in conjunction with "broader legal tenets" compels a result other than vacating the untimely restitution order.

B. Consideration of Broader Legal Tenets Does Not Compel a Result Besides Vacating the Restitution Order

¶ 22 Essentially, the People argue that because restitution is the right of the victim, an untimely restitution determination should only carry consequences that negatively impact a victim "when the delay prejudices a substantial right that in fact belongs to the defendant." And they argue Thieman wasn't prejudiced by the untimely restitution order because (1) he either stipulated to pay restitution in an amount up $10,825.14, as evidenced by the plea agreement, or (2) he received adequate due process with respect to that amount of restitution because the district court held an evidentiary hearing with respect to that amount and, therefore, the court's issuance of an untimely restitution order amounted to harmless error. We disagree.

### 1. Thieman Did Not Waive or Forfeit His Right to Timely Determination of the Amount of Restitution

¶ 23    The People, quoting *Harrow v. Department of Defense*, 601 U.S. 480, 483-84 (2024), assert that, unless a statute clearly conveys procedural requirements as jurisdictional, "a court will not enforce a procedural rule against a non-complying party if his opponent has forfeited or waived an objection." Under this logic, when a restitution order is entered beyond the ninety-one-day deadline without express good cause findings, the non-complying "party" is the district court. But the district court is not a party to a criminal case, and the defendant is not the district court's opponent in an appeal. *See People v. Justice*, 2023 CO 9, ¶ 32 ("[T]he People and the defendant are the parties in criminal cases."). And we reject the People's apparent insinuation that, because the plea agreement "suggested a stipulation" to the amount of restitution owed, Thieman waived or forfeited the right to have the court comply with its statutory deadline to enter the restitution order within ninety-one days.

¶ 24    Waiver is the intentional relinquishment of a known right; forfeiture is the failure to timely assert a right. *People v. Rediger*,

11

2018 CO 32, ¶ 40. The record belies any assertion that Thieman, by entering into the plea agreement, waived his right to contest the amount of restitution. The record is clear that — despite the language on the face of the written plea agreement — the parties and the court understood that Thieman was contesting the amount of restitution. *See Craig v. People*, 986 P.2d 951, 961 (Colo. 1999) (noting that interpretation of a plea agreement is subject to de novo review and, because the defendant's due process rights are at issue, we may consider extrinsic evidence, including oral statements and "evidence relating to the circumstances of the government's dealings with the defendant" to aid in our interpretation) (citation omitted).

¶ 25     Despite the stipulation language in the plea agreement, Thieman, through counsel, indicated he was disputing the amount of restitution and requested a hearing on that issue. The prosecution acquiesced to Thieman's request, and the court appropriately set the matter for hearing.

¶ 26     Likewise, Thieman did not forfeit his right to contest the amount of restitution because he timely objected to and requested evidentiary hearings with respect to both restitution motions.

## 2. The District Court's Error in Issuing an Untimely Restitution Order Was Not Harmless

¶ 27   Alternative to their assertion that Thieman waived or forfeited any objection he had to the amount of restitution, the People assert that because the court held an evidentiary hearing with respect to the first restitution motion, a restitution award reflective of the amount requested in that motion would not prejudice Thieman.  In essence, they argue that we are not required to vacate the untimely restitution order because the district court's procedural error was harmless since it did not "prejudice[] a substantial right that in fact belongs to the defendant."

¶ 28   In support of this contention, the People reference the MVRA, the legislative purposes of restitution, the VRA, and several United States Supreme Court cases.  The MVRA contains a similar statutory timeframe for determining the amount of restitution as that set forth in section 18-1.3-603(1)(b).  *Compare* 18 U.S.C. § 3664(d)(5) ("If the victim's losses are not ascertainable by . . . [ten] days [before] sentencing, the [prosecution] shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed [ninety] days after sentencing."), *with*

13

§ 18-1.3-603(1)(b) ("Every order of conviction . . . shall include consideration of restitution . . . . [T]he specific amount of restitution shall be determined within the ninety-one days immediately following the order of conviction, unless good cause is shown . . . ."). The General Assembly's declaration with respect to the statutes governing restitution says that those statutes should be construed liberally. § 18-1.3-601(2), C.R.S. 2024. And the VRA guarantees a crime victim's right to have the court determine the amount, if any, of restitution they should receive from a person convicted of committing a crime against them. § 24-4.1-302.5(1)(h), C.R.S. 2024.

¶ 29    Furthermore, under the VRA "[a] defendant or person accused or convicted of a crime against the victim shall have no standing to object to any failure to comply with [the VRA]." § 24-4.1-303(16), C.R.S. 2024. And the VRA guarantees that any "affected person" — other than a defendant or person accused or convicted of a crime against a victim — "may enforce compliance with [the VRA] by notifying the crime victim services advisory board . . . of any noncompliance with [the VRA]." § 24-4.1-303(17).

¶ 30    The People assert that reading section 18-1.3-603(1)(b)'s ninety-one-day deadline in conjunction with these "broader legal tenets" leaves "no reasoned doubt" that the ninety-one-day deadline "seeks speed primarily to help the victims of crime and only secondarily, if at all, to help the defendant."  And, the People argue, because the statutory deadline implicates a right of the victim, a court's failure to follow the deadline doesn't require us to vacate an untimely restitution order unless "the belatedness [of the restitution order], taken together with the procedure, was of a nature that the defendant's right to finality was substantially impaired."

¶ 31    In addition to *Harrow*, the People reference *Dolan v. United States*, 560 U.S. 605, 611 (2010) (concluding that the statutory deadline for a court to determine restitution "seeks speed by creating a time-related directive that is legally enforceable" but doesn't prevent a court from taking action if the deadline is missed), and *McIntosh v. United States*, 601 U.S. 330, 333 (2024) (holding that the failure to enter a preliminary forfeiture order before sentencing doesn't bar a court from ordering forfeiture at sentencing, subject to harmless error principles on appellate review), to buttress this argument.

¶ 32    It is undeniable that a victim is negatively impacted by a court's failure to abide by the statutory deadline set forth in section 18-1.3-603(1)(b).  There is undoubtedly some prejudice to a victim when a court delays in determining the amount of restitution to which they are entitled.  And there is most certainly prejudice to a victim when an untimely restitution order is vacated.  But, even accepting as true that the statutory deadline is primarily intended to help victims of crimes and only secondarily to help a defendant, we can't simply ignore a defendant's due process right to finality and fairness.  *See Betterman v. Montana*, 578 U.S. 437, 448 (2016) (noting that a defendant retains a due process interest in a sentencing proceeding that is fundamentally fair); *see also* § 24-4.1-301, C.R.S. 2024 (noting that the purpose of the Victim Rights Act is to "assure that all victims of . . . crimes are honored and protected . . . in a manner no less vigorous than the protection afforded criminal defendants").

¶ 33    And other divisions of this court have considered — and rejected — similar arguments that a district court's violation of section 18-1.3-603(1)(b)'s statutory deadline is harmless error.  *See People v. Roberson*, 2023 COA 70, ¶ 32 (noting that the supreme

16

court did not conduct a harmless error analysis in *Weeks* and that we are bound by that precedent) (*cert. granted* Apr. 8, 2024); *accord People v. Mickey*, 2023 COA 106, ¶ 6 (further stating that "a harmless error analysis would be futile when reviewing a restitution order entered without authority"). We agree with those divisions.

¶ 34 Thus, notwithstanding the additional legal tenets asserted by the People, we conclude that the district court's untimely restitution order must be vacated pursuant to *Weeks*. And because we vacate the restitution order, we need not address Thieman's other contentions. *See People v. Sanders*, 2023 CO 62, ¶ 19 (declining to address issues unnecessary to the disposition of the appeal).

## IV. Disposition

¶ 35 The district court's restitution order is vacated. The case is remanded to the district court with directions to amend the mittimus accordingly.

JUDGE WELLING and JUDGE BROWN concur.

17